Zimmerman, J.
 

 Allowance of a motion by the state of Ohio for leave to appeal from a judgment of the Court of Appeals for Cuyahoga county brings this case here for a decision on the merits.
 

 Defendant, Ben F. Moore, appellee herein, was indicted for murder in the second degree by a Cuyahoga county grand jury. It was charged that on July 3,
 
 *227
 
 1946, he unlawfully, purposely and maliciously killed one Herman Hall.
 

 Upon arraignment, the defendant entered a plea of “not guilty.” Upon trial the jury found him guilty of manslaughter. Motion for a new trial was overruled and the defendant was sentenced to serve a term in the Ohio Penitentiary.
 

 An appeal to the Court of Appeals resulted in a reversal of the judgment of conviction and a remand of the cause for a new trial. It is apparent that the sole ground for reversal was that the trial court had erred to the prejudice of the defendant in admitting the testimony of one Garrett A. Morgan relative to the .conduct of the defendant toward him previous to the commission of the crime charged.
 

 The defendant operated a dry cleaning establishment in the city of Cleveland. Decedent Hall was employed by him as a “route man.” On the morning of June 9, 1946, defendant drove to decedent’s residence in his automobile to discuss with him some difficulties which had arisen in connection with Hall’s employment. '
 

 Hall was not then at home and defendant talked with his mother. As defendant was leaving, Hall and a companion approached in an automobile. Hall stopped and an altercation and fist fight followed between the defendant and Hall, Hall knocking the defendant to the ground. Defendant then procured a revolver from his automobile. Prom this point on the-evidence is in sharp conflict.
 

 Evidence offered by the state 'tends to show that the defendant was the aggressor; that after he got his revolve]- he struck Hall over the head with it, later pushed him to the ground and then deliberately fired two shots into his body, as a Consequence of which Hall died on July 3,1946.
 

 On the other hand, evidence introduced by defendant was to the effect that after Hall knocked the defend
 
 *228
 
 ant down, defendant went to his automobile and secured his revolver for self-protection; that defendant, backing away, warned Hall to keep away from him, but that Hall did not do so, and in the ensuing scuffle the revolver was accidentally discharged, the bullets entering Hall’s body.
 

 During its case in chief, the state offered as a witness one Morgan, former landlord of the defendant. Morgan was allowed to testify, over objection, that during the period defendant was his tenant trouble developed between them, and that on several occasions in the months of January and February 1946, the defendant came to Morgan’s home with a revolver and, using profane language, threatened to kill him. Hall, the deceased, was not involved in any way in these controversies. The trial court ruled that such testimony was admissible under Section 13444-19, General Code.
 

 In its general charge, the court told the jury that such testimony might be considered by them only for the purposes set out in the statute.
 

 The Court of Appeals took a different view of the matter and said in its opinion:
 

 “This testimony [of Morgan] taken at its face value cannot be said to even suggest a similar offense. The most that can be said for it is that it would tend to show he [defendant] was a man of violent temper and quarrelsome disposition and of bad repute in his social relations.”
 

 Section 13444-19, General Code, is as follows:
 

 “In any criminal case where the defendant’s motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing the act in question, may be proved, whether they are contem
 
 *229
 
 poraneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant.”
 

 The state contends on this appeal “that this evidence of other assaults committed by the defendant upon Morgan was probative of a necessary element of the case of the state, to wit, an intent to kill and was properly admitted under Section 13444-19 of the General Code.”
 

 Such section, permitting the introduction of evidence of “like acts or other acts” committed by a defendant, to show an intent or motive for committing the offense with which he is charged, is declaratory of the common law, perhaps in a broader form. To be admissible, testimony offered under .the statute must show acts so related to the offense for which a defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive or purpose for the commission of such offense.
 

 In
 
 Brown
 
 v. State, 26 Ohio St., 176, 181, it was remarked in the opinion:
 

 “While the general rule unquestionably is, that a distinct crime, in no way connected with that upon which the defendant stands indicted, can not be given in evidence against him on the trial, this rule is not applicable to a case in which it is clearly shown that a connection, in the mind of the defendant, must have existed between the offense charged in the indictment and others of a similar nature. When such connection exists, evidence of such other offense is admissible, not. for the purpose of raising a presumption of guilt on the hypothesis that a man who commits one crime will probably commit another, but for the purpose of showing a motive or purpose prompting the commission of the offense laid in the indictment; and being competent for this purpose, it could not have been
 
 *230
 
 properly excluded on the ground that it tended to prove the commission of other and distinct offenses.”
 

 So far as we have been able to ascertain, the authorities are pretty much in’ agreement that where a defendant is on trial for felonious homicide, evidence of threats made by him to kill a third person, in no way connected with the affair in which decedent was killed, is inadmissible. So, threats made by a defendant against a particular person with whom he had a quarrel sometime previously, are not admissible against him on his trial for killing another person in a different' quarrel, there being no relation between the two incidents. . 2 Warren on Homicide (Perm. Ed.), 295, 491, Sections 199, 210; Wharton’s Criminal Evidence (11 Ed.), 363, Section 283; 26 American Jurisprudence, 404, Section 359; 40 Corpus Juris Secundum, “Homicide,” 1170, 1176, Sections 238, 241;
 
 Bird v. United States,
 
 180 U. S., 356, 45 L. Ed., 570, 21 S. Ct., 403;
 
 People
 
 v.
 
 Sorrells,
 
 293 Ill., 591, 127 N. E., 651;
 
 Burden
 
 v.
 
 Commonwealth,
 
 296 Ky., 553, 178 S. W. (2d), 1;
 
 People
 
 v.
 
 Wright,
 
 294 Mich., 20, 292 N. W., 539;
 
 Carter
 
 v.
 
 State,
 
 167 Miss., 331, 145 So., 739;
 
 Grafft
 
 v.
 
 State,
 
 134 Tex. Cr. App., 30, 113 S. W. (2d), 546.
 

 Granting that a trial court should be accorded latitude in admitting testimony under the provisions of Section 13444-19, General Code, a majority of the court in the present case entertains the opinion that the conduct of the defendant «toward Morgan, as testified to by the latter, showed only that the defendant was an’ intemperate individual given to the utterance of threats of dire portent when aroused to anger
 
 (Maddox
 
 v.
 
 State,
 
 134 Tex. Cr. App., 289, 115 S. W. [2d], 644), and that such testimony did not tend to prove intent or motive in connection with the killing of Hall. •
 

 Morgan’s testimony as to collateral matters not relevant to the crime with which the defendant was charged might well have been a factor in turning the
 
 *231
 
 jury against the defendant and in causing it to reject his version of the manner in which Hall met his death.
 

 We agree, therefore, with the Court of Appeals that Morgan’s testimony should have been excluded and that its admission constituted error prejudicial to the rights of the defendant.
 

 The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Sohngen and Stewart, JJ., concur. Weygandt, C. J., and Turner, J., dissent.