THE STATE OF OHIO, APPELLANT, *v.* EUBANK, APPELLEE.

(No. 79-337—Decided December 26, 1979.)

184

*Mr. John S. Cheetwood,* prosecuting attorney, and *Mr. Rex H. Huffman,* for appellant.

*Messrs. Robison, Curphey & O'Connell* and *Mr. Timothy D. Krugh,* for appellee.

*Per Curiam.* R. C. 2907.05, the statute defining the offense of gross sexual imposition, provides, in division (D), that:

"Evidence of specific instances of the defendant's sexual activity***shall not be admitted under this section unless it***is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

R. C. 2945.59 provides that:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

In its first proposition of law the state contends that defendant raised an inference of mistake or accident on cross-examination of the alleged victim, and that it was then proper to rebut that inference by evidence of specific instances of the defendant's previous sexual activity.

From the inception of this cause, the defendant has maintained that he never had sexual contact with the alleged victim. In his opening statement, defense counsel commented that "our evidence will show that at no time did Mr. Eubank touch***[the supposed victim]. There was no sexual contact between Mr. Eubank and***[the state's witness] as alleged in the indictment." The defendant has never abandoned that position.

Rather than attempting to raise the issue of accident or mistake on cross-examination, as is contended by the state, it is clear from the record that defense counsel was simply attempting to impeach the state's witness' credibility with the use of prior inconsistent testimony. The prior testimony of the witness was inconsistent with his trial testimony in many

particulars, including location and time of the incident, location of the other persons present at the time, and the manner in which the alleged sexual contact occurred.

Accordingly, we hold that it was error for the court to admit testimony concerning other sexual acts of the defendant on the basis that those acts proved the absence of mistake or accident. Mistake or accident was not a material issue at trial.

However, the state contends, in the alternative, that the testimony of prior sexual acts was admissible in evidence to prove the defendant's scheme, plan, or system in committing the crime charged. In *State* v. *Curry* (1975), 43 Ohio St. 2d 66, at page 73, we explained that:

"* * *'Scheme, plan or system' evidence is relevant in two general factual situations. First, those situations in which the 'other acts' form part of the *immediate* background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this sub-category of 'scheme, plan or system' evidence, the 'other acts' testimony must concern events which are *inextricably related* to the alleged criminal act.* * *

"Identity of the perpetrator of a crime is the second factual situation in which 'scheme, plan or system' evidence is admissible. One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes." (Emphasis added.)

First, the "other acts" as claimed by the two young state's witnesses to have been carried out by the defendant were not *inextricably related* to the alleged criminal act *sub judice*. Those acts, if committed by the defendant, were chronologically and factually separate occurrences.

Second, it is not argued by the state that the perpetrator's identity was at issue. Therefore, we hold that the testimony of these two witnesses concerning other acts was not properly admitted to prove the defendant's scheme, plan, or system in committing the crime charged.

In its second proposition of law, the state contends that even if the admission of such testimony was error, the error was harmless. We agree.

In order to hold an error harmless, we must find that such error was harmless beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 U. S. 18; *State* v. *Lytle* (1976), 48 Ohio St. 2d 391; *State* v. *Abrams* (1974), 39 Ohio St. 2d 53.

In examining the record to determine this issue, we may give weight to the fact that the error occurred in a trial to the court, rather than in a jury trial. *State* v. *White* (1968), 15 Ohio St. 2d 146, 151; *State* v. *Austin* (1976), 52 Ohio App. 2d 59, 70. Indeed, a judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record. *State* v. *White, supra,* at page 151.

Having examined the record herein, we conclude that the error was harmless beyond a reasonable doubt.

In the first instance, although the primary witness' testimony varied in a number of particulars—including where certain television sets were located, where the occupants of the trailer were sleeping, and the manner in which the touching of his genitals occurred—his testimony at the preliminary hearing and at trial was consistent in asserting that there was sexual contact.

Further, there was testimony by the primary witness' mother that the defendant had offered her money if she would refuse to let her son cooperate with law enforcement officers investigating the alleged offense.

Additionally, there is no showing in the record that the trial court relied upon the erroneously admitted testimony in arriving at its verdict.

Accordingly, we hold the error to be harmless, and reverse the judgment of the Court of Appeals.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN and P. BROWN, JJ., concur in the judgment.