The STATE of Ohio, Appellee,

v.

JACOCKS, Appellant.

[Cite as *State v. Jacocks* (1990), 64 Ohio App.3d 713.]

Court of Appeals of Ohio,
Richland County.

No. CA–2698.

Decided Jan. 18, 1990.

714

*James J. Mayer, Jr.,* Prosecuting Attorney, for appellee.
*David L. Remy,* for appellant.

GWIN, Judge.

On July 6, 1988, defendant-appellant, Dennis Jacocks, spent the day with his two sisters, Debra and Darla, and Debra's boyfriend, Otis Palmer. Throughout the day the four played games and drank. It was not long after midnight when an argument began which ended when appellant plunged a knife into Otis Palmer's chest. The knife severed the aorta, causing Otis Palmer's death on July 7, 1988.

On April 27, 1989, a jury found appellant guilty of aggravated murder pursuant to R.C. 2903.01(A). Thereafter, the trial court entered a conviction of aggravated murder against appellant and sentenced appellant to life imprisonment with parole eligibility after twenty years of imprisonment.

Appellant now seeks our review and raises the following assignments of error:

"I. The trial court committed prejudicial error when over objection it admitted testimony with respect to 'other crimes, wrongs or acts' by defendant.

"II. The trial court violated defendant's Fifth Amendment right against self-incrimination during cross-examination when he was required to admit to the killing of the victim.

"III. The trial court committed prejudicial error when it failed to give an adequate, complete and sufficient curative instruction to the jury."

I

In his first assignment, appellant contends that the trial court, over objections, permitted testimony of two state's witnesses that violated Evid.R. 404(B). This rule provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Appellant's first complaint involves the following testimony of Darla Jacocks, appellant's sister, during direct examination:

"Q: I need to ask you before you give testimony today whether or not you are afraid of Dennis Jacocks?

"A: Yes.

"MR. WEINER: Objection.

"THE COURT: Overruled.

"Q: Would you tell the jury why you are afraid?

"A: Dennis frightens me because lately he's been threatening a lot. He's jumped on me several times.

"Q: When did he threaten you? What were the circumstances?

"A: Well, it was last time probably about a month before the stabbing Dennis had came in, and he was lying on the love seat so I asked him if he would mind taking his foot off the armrest because it was broken. And he got very upset about it. And he took his knife out and started whirling it around. And he said if Debra or I answered the door or answered the telephone—

"MR. SHARTZER: Objection.

"A: He'd do something to us.

"MR. WEINER: Objection.

"THE COURT: Overruled."

██ The state asserts that the above testimony is relevant and nonprejudicial because the jury, when determining a witness' credibility, should consider all circumstances affecting that witness. We disagree. In *State v. Moore* (1948), 149 Ohio St. 226, 36 O.O. 566, 78 N.E.2d 365, at paragraph two of the syllabus, our Supreme Court succinctly held:

" * * * [T]estimony as to threats made by the defendant against a third person sometime prior to the killing, with which former incident the deceased had no connection and which formed no part of the affair in which the deceased was killed, is not, over objection, admissible in evidence against the defendant."

Clearly, the testimony of Darla Jacocks regarding a prior threat made by appellant against Darla had no connection with Otis Palmer's death and such testimony would in no way aid a jury in its determination of Darla's credibility.

██ However, the state asserts that even if the admission of such testimony was error, the error was harmless. In order for us to find an error

harmless, we must find that the error was harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; *State v. Eubank* (1979), 60 Ohio St.2d 183, 187, 14 O.O.3d 416, 418, 398 N.E.2d 567, 569.

After an examination of the instant record, we find more than sufficient evidence of appellant's guilt and therefore find that the erroneous admission of the above evidence was harmless beyond a reasonable doubt.

■ Appellant's second assignment of error concerns the following testimony of the state's rebuttal witness, Sharon Subich. Apparently, Subich was present at appellant's preliminary hearing and saw the following:

"The defendant turned in his chair toward his sister Miss Jacocks and mouthed the words, you know I am going to kill you."

We find the rebuttal testimony was not improperly admitted in the instant case. During trial, appellant testified on his own behalf and specifically denied threatening Debra Jacocks at the preliminary hearing. To rebut this denial, the state called Subich and elicited the above testimony. We believe the rebuttal testimony was relevant and nonprejudicial in aiding the jury in its determination of appellant's credibility.

Accordingly, appellant's first assignment of error is hereby overruled.

## II

■ In his second assignment, appellant claims that the trial court violated his Fifth Amendment right against self-incrimination by permitting the following question on cross-examination:

"Let's so that it's absolutely clear, we'll take care of a couple of elements of this matter. You admit to this jury that you caused the death of Otis Palmer; correct?"

The purpose of the Fifth Amendment privilege against self-incrimination is to protect persons from being compelled to incriminate themselves. *Miranda v. Arizona* (1966), 384 U.S. 436, 467, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694, 719. Here, appellant voluntarily took the stand in his own defense and therefore voluntarily subjected himself to proper cross-examination, as above. We find nothing in the record to suggest that appellant was compelled to testify in his own behalf.

"A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of

the lawful evidence adduced against him." *Harrison v. United States* (1968), 392 U.S. 219, 222, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047, 1051.

Accordingly, we find appellant's second assignment without merit.

## III

During the instant jury charge, the trial court instructed the jury that they must unanimously find appellant not guilty of aggravated murder before they could consider the lesser offense of murder. This was clearly erroneous. However, appellant admits that no objection was made to that portion of the charge. Nevertheless, the jury, after approximately three hours of deliberation, submitted the following written question:

"At this point we cannot obtain twelve votes for either guilty or not guilty of aggravated murder. As we understand our directions, we cannot consider the lesser offense of murder unless we obtain a unanimous vote on the first offense. What are your instructions?"

Thereupon, the trial court had the jury return to the courtroom and gave the following curative instruction:

"Your instructjions [*sic*] are, the law can't force people. If you cannot reach a unanimous verdict one way or the other, then you can consider either of the lesser included offenses. You may retire."

In his final assignment, appellant claims that this curative instruction was inadequate and insufficient. We disagree. We find the curative instruction, although not exemplary, sufficiently instructed the jury on the law and sufficiently cured the previous erroneous instruction.

Therefore, we overrule appellant's final assignment of error.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County is hereby affirmed.

*Judgment affirmed.*

MILLIGAN and JOHN R. HOFFMAN, JJ., concur.