[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Toledo Municipal Court which, following a bench trial, found appellant Jeffrey D. Clark guilty of public indecency, in violation of Toledo Municipal Code 533.07(a)(1). On appeal appellant sets forth the following two assignments of error:
 "1. THE TRIAL COURT COMMITTED SUBSTANTIAL, PREJUDICIAL AND REVERSIBLE ERROR IN DENYING APPELLANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL.
 "2. THE TRIAL COURT COMMITTED SUBSTANTIAL, PREJUDICIAL AND REVERSIBLE ERROR IN ALLOWING INTO EVIDENCE OVER APPELLANT'S OBJECTION EVIDENCE OF OTHER ACTS NOT CHARGED."
The facts which are relevant to the issues raised on appeal are as follows. On June 15, 1994, at approximately 5:00 a.m., Jennifer Wodarski was delivering a newspaper to appellant's home when she observed appellant masturbating in his living room. It was dark outside, and Wodarski was standing three feet away from appellant's living room window. Appellant, who was illuminated by a dim light, was wearing his bathrobe and standing eight to ten feet away from the window.
On June 22, 1994, a complaint was filed which charged appellant with public indecency, in violation of TMC 533.07(a)(1). On February 24, 1997, a trial to the court was held[1] at which testimony was presented by Wodarski, appellant and appellant's ex-wife, Gayla Stewart.
Wodarski testified that she saw appellant standing in his living room, in his bathrobe, holding the robe back with one hand while masturbating with the other hand. She further testified that she was offended by what she had seen.
Appellant testified on direct examination that he did not commit the offense with which he was charged. He further testified that it is his normal routine to get up at 5:00 a.m. on workdays and spend approximately fifteen minutes fixing his lunch for the day and observing the weather through the living room window while wearing his bathrobe. Over his counsel's objection, appellant testified on cross-examination that he had been married four times, and admitted that he once asked his wife's sister if he could see her "boobs." Appellant denied ever exposing his penis to his sister-in-law.
Gayla Stewart testified on rebuttal that she was appellant's wife on June 22, 1994, and they have since divorced. Stewart further testified as to appellant's morning routine on workdays. Over appellant's objection, Stewart testified that while she and appellant were married, she saw appellant expose his penis to her sister and heard him make accompanying obscene comments.
At the close of the state's evidence and again at the close of all the evidence, appellant made motions for acquittal pursuant to Crim.R. 29(A), which the trial court denied. The trial court then found appellant guilty of public indecency, in violation of TMC 533.07(a)(1). On March 27, 1997, appellant filed a timely notice of appeal.
Appellant asserts in his first assignment of error that the trial court erred by denying his two motions for acquittal. In support thereof, appellant argues that, even assuming he did masturbate in his living room on June 22, 1994, his actions were not "reckless" because he was standing at least eight feet from the window and the room was only dimly lit.
It is well-established that "[p]ursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, at the syllabus. In making such an inquiry, the evidence is to be viewed "in a light most favorable to the prosecution." State v. Williams (1996), 74 Ohio St.3d 569,576.
TMC 533.07 states, in pertinent part:
 "(a) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
 "(1) Expose his or her private parts, or engage in masturbation;"
R.C. 2901.22(C) defines the mental state of recklessness as follows:
 "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
As set forth above, Wodarski testified at trial that she saw appellant masturbating in his living room. Appellant himself testified that he was standing in his living room in front of the picture window, in his bathrobe, with the curtains open, that it was dark outside and the room in which he was standing was dimly lit.
Upon consideration, this court finds, after construing the evidence most strongly in favor of the prosecution, that reasonable minds could have differed as to whether each material element of the crime of public indecency as set forth in TMC 533.07(a)(1), including whether appellant acted recklessly, had been proved beyond a reasonable doubt, and the trial court did not err by denying appellant's motions for acquittal. Accordingly, appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that the trial court erred by admitting into evidence testimony that he had been married four times, that he had asked his sister-in-law to expose her breasts to him, and that he had exposed his penis to his sister-in-law while making obscene comments to her. The state responds that the trial court properly allowed such testimony for the limited purpose of attacking appellant's "veracity." Alternatively, the state argues that even if the trial court erred by permitting such testimony, the error was harmless.
It is well-established that the decision of a trial court to admit or exclude evidence will not be reversed on appeal absent an abuse of discretion. State v. Finnerty (1989), 45 Ohio St.3d 104,107. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 156.
As to appellant's testimony at trial, evidence of other crimes, wrongs or acts is not admissible in order to prove that an accused acted in conformity therewith. Evid.R. 404(B). However, specific instances of a witness's conduct may be inquired into on cross-examination of the witness if the trial court, in its discretion, determines that such instances are clearly probative of the witness's character for truthfulness or untruthfulness. Evid.R. 608(B).
The record in this case shows that the trial court specifically stated it would permit cross-examination of appellant as to the number of his prior marriages and his conversations with his former sister-in-law as it related only to his "veracity and credibility."
As for Stewart's rebuttal testimony, while such evidence was arguably admitted in violation of Evid.R. 608(B), the trial court's action does not constitute reversible error if it was "harmless beyond a reasonable doubt." State v. Eubank (1979),60 Ohio St.2d 183, 187. In determining this issue we may give weight to the fact that the case was tried to the court, and not to a jury. Id. In such cases, "a judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record." Id., citing State v. White (1968), 15 Ohio St.2d 146,151.
The record in this case shows that the trial court stated it would allow Stewart's testimony "on the basis she's attacking his credibility * * * and [for] that purpose only." In addition, there was testimony presented at trial by Wodarski as to each element of the crime charged, and appellant has not demonstrated how the trial court improperly relied upon Stewart's rebuttal testimony in arriving at its verdict.
Upon consideration of the foregoing, this court finds that the trial court did not abuse its discretion by allowing appellant to be cross-examined as to matters relating to his credibility, and any error which the trial court may have committed by allowing Stewart's rebuttal testimony was harmless. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds further that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Toledo Municipal Court is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] On February 26, 1996, appellant had entered a plea of no contest and on June 12, 1996, the trial court accepted appellant's plea and found him guilty of public indecency. On October 2, 1996, appellant filed a motion to withdraw his no contest plea pursuant to Crim.R. 32.1 and, on October 2, 1996, the trial court granted appellant's motion and vacated his conviction. The case was subsequently set for a non-jury trial.