[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Keith Sayles was convicted, after a bench trial, of domestic violence in violation of R.C. 2919.25. In this appeal, he assigns as error (1) the trial court's statement regarding a presumption; (2) the sufficiency of the evidence; (3) the weight of the evidence; (4) the denial of his Crim.R. 29 motion; and (5) the admission of certain testimony.
In his first assignment of error, Sayles claims that the trial court improperly based its guilty finding on an unconstitutional presumption. We disagree. In its concluding remarks, the court indicated that it found credible the testimony of the state's witnesses, and the testimony of the defense witnesses was incredible. The court then added, "The defendant is presumed to intend the natural consequences of his actions." It is clear from the record that the trial court was merely explaining its reasoning and was not making a formal statement of the law, as in a jury charge. See Sandstrom v.Montana (1979), 442 U.S. 510, 99 S.Ct. 2450. We must presume that the trial court applied the law correctly. See State v. Coombs
(1985), 18 Ohio St.3d 123, 125, 480 N.E.2d 414, 416, citing State v.Eubank (1979), 60 Ohio St.2d 183, 398 N.E.2d 567. Certainly, the court had drawn a permissible inference from the evidence adduced at trial. When the court's remarks are viewed in the context of the record as a whole, we cannot say that there was clear error. See id. Therefore, we overrule the first assignment of error.
We address Sayles's second, third, and fourth assignments of error collectively. Where substantial evidence is presented by the state to support all elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. To determine whether the trial court improperly denied a motion for acquittal, the relevant inquiry is whether, after viewing all of the evidence in a light most favorable to the state, any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt. SeeState v. Williams (1996), 74 Ohio St.3d 569, 660 N.E.2d 724; see, also, State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.
R.C. 2919.25 provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." In this case, the state introduced into evidence a tape recording of the victim's 911 call, during which the victim screamed and cried as she told the dispatcher that Sayles was taking her son. The recording captured the sound of a blow, after which the victim became more hysterical and cried, "He just hit me in the face; my nose is bleeding." Deputy Augusto Orue testified that, though he did not observe an injury to the victim, he saw that her nose was puffy and red.
Furthermore, the state presented, through Deputy Orue and Deputy Dave Daugherty, the statements of Sayles and of the victim. Sayles told Deputy Orue that he had reached out and "smacked" the victim. He also said that the victim was his girlfriend, that they had a child together, and that they lived together. The victim stated that she had been hit in the face by Sayles, her boyfriend, and that, before he struck her, Sayles told her that he "could lose his job for this." The victim gave Deputy Orue a towel that she had used to clean the blood from her nose. The deputy testified that he had seen what appeared to be fresh blood on the towel.
Although Sayles and the victim testified at trial that Sayles did not strike the victim and that she was simply injured in a struggle for a telephone, the trial court found their testimony to be "incredible and not worthy of belief." It is well settled that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. See State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
Upon review of the entire record, we hold that the evidence presented by the state was sufficient as a matter of law, that the weight of the evidence supported the guilty finding, and that the trial court correctly overruled Sayles's motion for acquittal pursuant to Crim.R. 29. Therefore, we overrule the second, third, and fourth assignments of error.
In his fifth assignment of error, Sayles claims that the trial court erred by admitting the testimony about the statements made by the victim. We disagree. The victim's statements clearly fell within the excited-utterance exception of Evid.R. 803(2). The state had introduced the 911 tape, without objection, prior to the introduction of the victim's on-scene statements. The startling event, i.e., the striking of the victim, as well as the victim's hysteria, was clearly audible on the 911 tape. The victim told the dispatcher that she had been hit in the face. Deputy Orue arrived at the scene within minutes of the dispatch. The victim gave the same account to Deputies Orue and Daugherty. "Where the trial court's ruling on admissibility turns on a question of fact — i.e., whether the declarant was sufficiently startled to fit within the exception — the ruling should not be disturbed so long as it is reasonable." State v. Turner (June 16, 2000), Hamilton App. No. C-990388, unreported. In this case, the trial court's admission of the excited utterances was clearly reasonable. We overrule the fifth assignment of error.
Therefore, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Enter upon the Journal of the Court on August 16, 2000 per order of the Court.