[Cite as *State v. Thornton*, 2015-Ohio-289.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2014-0035 |
| ERIC J. THORNTON | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. CR2013-0200


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    January 26, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN F. LITLE, III                        JOHN D. WEAVER
27 North Fifth Street                     542 South Drexel Avenue
Suite 201                                 Bexley, OH  43209
Zaneville, OH  43701

*Farmer, J.*

{¶1}  On September 4, 2013, the Muskingum County Grand Jury indicted appellant, Eric Thornton, on one count of aggravated robbery in violation of R.C. 2911.01, two counts of kidnapping in violation of R.C. 2905.01, and two counts of having a weapon under disability in violation of R.C. 2923.13.  The aggravated robbery and kidnapping counts included firearm specifications.  Said charges arose from an incident involving James Martin.  Appellant was charged along with a co-defendant, Daniel Barnes, III.

{¶2}  A bench trial commenced on May 20, 2014.  By decision filed May 22, 2014, the trial court found appellant guilty of the aggravated robbery count, the kidnapping counts, and the firearm specifications, and not guilty of the weapon counts.  By entry filed July 16, 2014, the trial court sentenced appellant to an aggregate term of twenty-three years in prison.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}  "APPELLANT'S CONVICTIONS FOR AGGRAVATED ROBBERY AND KIDNAPPING WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."

II

{¶5}  "THE TRIAL COURT ERRED IN FAILING TO MERGE THE TWO KIDNAPPING CONVICTIONS AND IN FAILING TO MERGE COUNT TWO AND COUNT ONE."

III

{¶6} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

IV

{¶7} "THE IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW."

I

{¶8} Appellant claims his convictions for aggravated robbery and the two kidnappings were against the manifest weight of the evidence. We disagree.

{¶9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶10} Appellant was convicted of one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and two counts of kidnapping in violation of R.C. 2905.01(A)(2) and (3) which state the following:

[R.C. 2911.01] (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

[R.C. 2905.01] (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

(2) To facilitate the commission of any felony or flight thereafter;

(3) To terrorize, or to inflict serious physical harm on the victim or another;

{¶11} Appellant's convictions corresponded to the following counts of the indictment filed September 4, 2013:

**FIRST COUNT** …**Eric J. Thornton** did in attempting or committing a theft offense as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, knowingly have a deadly weapon on or about their persons or under their control, to-wit, a .9 mm Glock with laser sight, and either displayed the weapon, brandished it, or

indicated that they possessed it, or used it; in violation of Ohio Revised Code, Title 29, Section 2911.01(A)(1) and against the peace and dignity of the State of Ohio.

**SECOND COUNT** …**Eric J. Thornton** did by force, threat or deception, remove another, to-wit: James C. Martin, from the place where the other person, to-wit: James C. Martin, is found or restrain the liberty of the other person, to-wit: James C. Martin, to terrorize or to inflict serious physical harm on the victim, to-wit: James C. Martin; in violation of the Ohio Revised Code, Title 29, Section 2905.01(A)(3), and against the peace and dignity of the State of Ohio.

**THIRD COUNT** …**Eric J. Thornton** did by force, threat, or deception, removed another, to wit: James C. Martin, from the place where the other person, to-wit: James C. Martin, is found or restrain the liberty of the other person, to-wit: James C. Martin, to facilitate the commission of any felony, to-wit: Aggravated Robbery and/or Felonious Assault, or flight thereafter; in violation of the Ohio Revised Code, Title 29, Section 2905.01(A)(2), and against the peace and dignity of the State of Ohio.

{¶12} At the conclusion of the testimony, the trial court found the following (T. at 273, 274):

The facts show that on June the 8th, 2013, Mr. James Martin had property stolen from him at gunpoint. The testimony of the amount and nature of the property was inconsistent, but the Court finds that the ring and earring found on the porch were Mr. Martin's and had been taken from him at gunpoint.

\*\*\*

The Court also finds that the victim, James C. Martin, was removed from the car and restrained of his liberty in order to terrorize and inflict serious physical harm by the Defendant, and was also done while the Defendant was armed with a firearm. This was done by threat with a firearm.

{¶13} The facts support the trial court's findings. Mr. Martin and James Ricket were drinking at a bar and decided to change bars. T. at 23-24, 84-85. As they were leaving, Mr. Ricket asked Mr. Martin if he would give two guys a ride, known to Mr. Martin as "Fats and Louie," appellant and the co-defendant, Daniel Barnes, III, herein. T. at 25, 113. Appellant and the co-defendant wanted to be dropped off at a specific location (Cliffwood) on the way to the new bar. T. at 26. Mr. Martin was driving with appellant sitting behind him, and Mr. Ricket was in the passenger seat with the co-defendant sitting behind him. T. at 26, 88, 114. When Mr. Martin arrived at the location, another vehicle was sitting at the light so the co-defendant told him to "go around the block." T. at 27, 89. After Mr. Martin went around the block and stopped the vehicle, appellant and the co-defendant pulled tight on the front seat belts and put a gun to each

man's head.  T. at 29-30, 90-91, 114.  Mr. Martin emptied his pockets and placed the contents on the console.  T. at 32, 55, 91.  The co-defendant ended up with the contents.  T. at 56, 76, 77, 92.  Appellant then exited the vehicle, opened the driver's door, unbuckled Mr. Martin's seat belt, removed him from the vehicle, took him to the back of the car, and forced him at gun point to get in the trunk.  T. at 32-33, 92, 114. Appellant then jumped in the driver's seat and when he started to pull away, Mr. Martin pulled the trunk release, jumped out, and ran away.  T. at 33, 93, 114.  The co-defendant jumped from the vehicle, pursued appellant and caught up to him on the front porch of a residence.  T. at 34, 93-94, 115.  Mr. Martin and the co-defendant fought over the gun, and a gunshot went off, grazing Mr. Martin's head.  T. at 34-37, 115.  The co-defendant started to drag Mr. Martin across the street, but Mr. Martin escaped and ran to a police car responding to the 911 call about the fight.  T. at 37-38, 112, 115.  The police described Mr. Martin as very distraught, scared, shaking, and vomiting after his escape.  T. at 113, 116.

{¶14}  During the course of the evening, Mr. Martin lost his glasses, a watch, a ring, and an earring.  T. at 38-40.  All of the items were found either on the porch or the sidewalk, and a bullet casing was found on the sidewalk and a bullet hole was discovered to the home. T. at 120, 134, 164-166.  Prints taken from the trunk and the driver's door were a match to appellant.  T. at 174-176, 180-181.

{¶15}  A couple days later, appellant was being pulled over for a traffic violation when he stopped his vehicle and took off running.  T. at 122-126.  A gun was discovered in between some residences in the area where appellant had been running. T. at 127.  The gun ballistically matched the gun that was fired during the fight with Mr.

Martin.  *Id.*  In regards to the collection of the firearm which was connected to the incident involving Mr. Martin, there was a stipulation that appellant "had the firearm that night, left the vehicle, the firearm's found by the officer, and that's the firearm he had with him."  T. at 128, 185.

{¶16}  Appellant testified and denied any threat, any use of a weapon, and any restraint of Mr. Martin.  T. at 233, 240-241.

{¶17} From our review of the record, we find sufficient credible evidence to support a restraint in the car, a use of a gun to obtain items from Mr. Martin while in the car, a restraint of Mr. Martin in the trunk, and a theft of Mr. Martin's car, all done by appellant.  The facts all lead to proof beyond a reasonable doubt of appellant committing the crimes for which he is contesting, one count of aggravated robbery and two counts of kidnapping.  We find no manifest miscarriage of justice.

{¶18}  Assignment of Error I is denied.

II

{¶19} Appellant claims the trial court erred in failing to merge Count 1 (aggravated robbery) and Count 2 (kidnapping) as the restraint in Count 2 was "merely" incidental to Count 1.  We disagree.

{¶20}  R.C. 2941.25 governs multiple counts and states the following:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 44, the Supreme Court of Ohio held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." The *Johnson* court explained the following at ¶ 48-50:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic] ). If the offenses correspond to such a degree that the conduct of the

defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶22} As clarified by the Supreme Court of Ohio in *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 24: "We hold that when deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus."

{¶23} As set forth above, Count 1 was the aggravated robbery count, Count 2 was the kidnapping count for placing appellant in the trunk, and Count 3 was the kidnapping count to facilitate the robbery. The trial court properly merged Counts 1 and 3. *See,* Entry filed July 16, 2014. As to the merger of Counts 1 and 2, the trial court stated the following during the sentencing hearing (July 10, 2014 T. at 5):

In regards to Count 2, the Court finds that the robbery had been completed at the time the defendant was removed from the vehicle and

placed into the trunk of the vehicle, which was not necessary in order to complete or facilitate the robbery. That showed an intent to commit some other further offense in this case up to, and including, possibly what happened later on, which ended up being a serious assault with a gun discharge, with those charges being filed against the co-defendant. Therefore, the Court finds that Counts 1 and 2 do not merge. You may proceed to make your arguments in regards to sentencing.

{¶24} We concur with the trial court's analysis. As stated above, there were two restraints of Mr. Martin committed by appellant, the tightening of the seat belt with a gun to the head, causing Mr. Martin to remove items from his pockets, and the placing of Mr. Martin in the trunk at gunpoint. The robbery of Mr. Martin was complete before appellant placed him in the trunk. T. at 31, 92. There was no reason to place appellant in the trunk other than to "terrorize, or to inflict serious physical harm" to Mr. Martin. R.C. 2905.01(A)(3). Mr. Martin told police he feared for his life as "they were trying to kill him." T. at 116. The Count 2 kidnapping was committed with a separate animus from Counts 1 and 3.

{¶25} Upon review, we find the trial court did not err in not merging Counts 1 and 2.

{¶26} Assignment of Error II is denied.

                                    III

{¶27} Appellant claims he was denied the effective assistance of trial counsel because his counsel tried the case to the bench instead of a jury, and failed to use prior

inconsistent statements to attack the credibility of Mr. Martin and Mr. Ricket. We disagree.

{¶28} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶29} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

{¶30} Appellant testified and had a previous criminal history that would have been revealed during cross-examination and could have swayed a jury. July 10, 2014 T. at 7. Trial judges are "presumed to consider only the relevant, material and

competent evidence in arriving at a judgment unless the contrary affirmatively appears from the record." *State v. Eubank,* 60 Ohio St.2d 183 (1979).

{¶31} The prior inconsistent statements of Mr. Martin and Mr. Ricket are clear to the trier of fact as they are in the record.

{¶32} The trial court separated the firearm specifications from the weapon counts and found appellant not guilty of the weapon counts ("evidence does not prove beyond a reasonable doubt that said firearm on June 8, 2013 was a Glock 23, 9mm semi-automatic handgun with laser sight"), a nuance that a jury might not have perceived. *See,* Decision filed May 22, 2014.

{¶33} Upon review, we find no deficiency by defense counsel that would have led to any different outcome given the substantial evidence presented against appellant on Counts 1, 2, and 3.

{¶34} Assignment is Error III is denied.

IV

{¶35} Appellant claims the trial court erred in giving him consecutive sentences. We disagree.

{¶36} R.C. 2929.14 governs prison terms. Subsection (C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to

the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶37} The trial court entered the following findings (July 10, 2014 T. at 7-8):

Upon review of the presentence investigation, the Court will note for the record you have a prior criminal history, including an attempted robbery, in which you violated your probation three times before you were sent to prison on that. You have a prior conviction in 2013 of receiving stolen property, which was a firearm and weapon under disability, at which time you just completed that sentence, I believe, in May of this year.

There is also trafficking in drugs, possession of drugs and weapon under disability, as well as another felony for two counts of trafficking in drugs. There are several domestic violences, and a child endangering also in your history.

Based upon that, the Court will impose, in regards to the Count 1, a ten-year prison sentence, and Count 2, a ten-year prison sentence, and on the gun spec, a three-year mandatory sentence, which is required by law. The Court will order that the gun specification in Count 1 and 2 all be served consecutively to each other.

The Court will also order that you be given credit for 90 days towards those sentences. The Court will also order that you pay the Court costs in this matter. The Court will also order that the restitution in the amount of $100 is due and owing to the victim in this case.

The Court also makes the specific findings in this case that, given your prior criminal history and the nature of this case, that multiple prison terms are imposed and the Court may require the offender to serve the prison terms consecutively if the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and also makes the specific findings that two or more multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so

committed was so great or unusual that no single prison term for any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

The Court also finds from your criminal history that you demonstrate that consecutive sentences are necessary to protect the public from future crime.

{¶38} We find the trial court properly considered the mandates of R.C. 2929.14(C)(4).

{¶39}  Assignment of Error IV is denied.

{¶40}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur

SGF/sg 3/14