OPINION
Appellant, mother of the minor child Deanna Bunting, appeals from the January 26, 1999, Judgment Entry of the Delaware County Court of Common Pleas. The Judgment Entry overruled appellant's objections to the Magistrate's Decision which determined child support obligations, and adopted the Magistrate's Decision as its order.
 STATEMENT OF THE CASE AND FACTS
The appellant, Carla Gephart, is the mother of the minor child Deanna Bunting. Neither appellant nor the father of Deanna have custody of the child. Previously, Deanna was placed with her maternal Aunt, Dawn Counts. The Delaware County Child Support Enforcement Agency [hereinafter CSEA] became involved in this case when Ms. Counts applied for CSEA assistance. Appellant objected to CSEA's determination of child support and appealed this determination to the Court of Common Pleas of Delaware County, Juvenile Division. A hearing was held before a Magistrate, on December 24, 1998, at which time appellant's Objections to Administrative Decision, specifically the CSEA's determination of child support payments, and a CSEA Motion to Show Cause, in regards to the father, John E Blair, were heard. Appellant appeared pro se. In regards to appellant, the Magistrate found, in Number 5 of her Findings of Fact, that: "Ms. Gephart objected to the amount of the CSEA's child support determination as to the amount to be paid by her. She stated she simply could not afford to pay that amount. The CSEA determination is within the statutory guidelines and there was no evidence supporting deviation. Ms. Gephart's objections are overruled."
In the Magistrate's Decision, filed January 11, 1999, it was recommended that the CSEA's administrative determination of support be adopted. Appellant's child support obligation was set at $242.64 per month per child, effective September 1, 1998. That same day, the trial court issued a Judgment Entry adopting the Magistrate's Decision, subject to objections. On January 22, 1999, appellant, through counsel who was subsequently appointed on January 25, 1999, by Judgment Entry filed January 26, 1999, objected to the Magistrate's Decision. Appellant objected on the basis that CSEA improperly used the child support she received for another child as income and that the Magistrate had not properly considered appellant's expenses in caring for another child. These expenses appellant argued, would constitute a proper deviation from guideline child support. In a Judgment Entry, filed January 26, 1999, the trial court overruled appellant's objections. The trial court found that the child support calculation did not include child support received by appellant as income and that the Magistrate considered all evidence presented. It is from these Judgment Entries that appellant appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN NOT PROPERLY REVIEWING THE OBJECTIONS OF THE MOTHER TO THE MAGISTRATE'S DECISION
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN NOT INDEPENDENTLY REVIEWING THE ADMINISTRATIVE ORDER FOR AND CALCULATION OF CHILD SUPPORT.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN NOT DEVIATING FROM THE BASIC SUPPORT AMOUNT.
 I, III
In her first assignment of error, appellant argues that the trial court erred by adopting the Magistrate's Decision without an independent review. In her third assignment of error, appellant argues that the trial court erred in not deviating from the basic child support guideline amount. Since we find these issues to be closely related in the case sub judice, we shall address them together. For the reasons set forth below, we disagree with appellant's arguments. In the trial court the appellant objected to the Magistrate Decision and claimed the following: "Ms. Gephart specifically objects to paragraph 5 of the Findings of Fact and paragraph 3 of the orders. Her child support calculation is not proper and pursuant to Ohio Law in that the support agency used as her income child support received for another child. And even beyond this the Court did not properly consider her expenses in caring for another child which would constitute a proper deviation from Guide Line Support."
The appellant specifically argues that the trial court made an erroneous finding when, in ruling on appellant's objection, it found that "The Magistrate considered all evidence presented." We shall presume that the trial court reviewed the Magistrate's Decision filed on January 11, 1999, which, inter alia, adopted the child support guideline worksheet prepared by the CSEA, prior to ruling on appellant's objections. We find that no Affidavit or transcript from the proceedings in front of the Magistrate was prepared for the trial court's review prior to its ruling on the objections. Based on the language used in appellant's objections to the Magistrate Decision, it appears that the appellant was objecting to a finding of fact made by the Magistrate. The language in the objection reads: "Ms. Gephart specifically objects to paragraph 5 of the Findings of Fact . . ." and "the [Magistrate] did not properly consider [Ms. Gephart's] expenses in caring for another child." Relevant portions of paragraph 5 of the Magistrate's Findings of Fact state: "[Ms. Gephart] stated she simply could not afford to pay [the guideline amount of child support] . . . ". . . there was no evidence supporting deviation." In objecting to a Magistrate Decision, any objection to a finding of fact must be supported by a transcript of all the evidence submitted to the Magistrate which is relevant to that fact or an affidavit of that evidence if a transcript is not available. Juvenile Rule 40(E)(3)(b). The record in the case sub judice shows that the only transcript of the Magistrate's hearing which was filed was the transcript that was filed for purposes of this appeal. It was appellant's duty to provide a transcript of proceedings or an alternative, such as an affidavit, to the trial court. Juvenile Rule 40(E)(3)(b) Absent a transcript of proceedings or an alternative, a trial court is limited to an examination of the Referee's Conclusions of Law and Recommendations, in light in the accompanying Findings of Fact. Wade v. Wade (1996), 113 Ohio App.3d 414, 419. Therefore, due to a lack of a transcript before the trial court, the trial court was limited to an examination of the Magistrate's Findings of Fact and Conclusions of Law. Based upon the information contained in the Magistrate's Findings and Conclusions, we find no error in the trial court's conclusion that the child support calculation did not use child support received by the mother as income and that the Magistrate considered all of the evidence presented. Since we had the benefit of the transcript of the Magistrate's hearing and the benefit of appellant's appellate brief, we are able to identify the real objection being made by appellant to the decision of the Magistrate. Appellant's objection is not to whether or not the Magistrate's Findings of Fact were unsupported by the evidence allowed by the Magistrate at the hearing. Rather, the appellant's objection is to the Magistrate's ruling which excluded evidence of appellant's medical expenses for her other children. While appellant may argue that this is an objection to a conclusion of law made by the Magistrate, and, therefore, a transcript is not needed, we disagree. There was no way for the trial court to know what the Magistrate's rulings on the evidence were without a transcript. In addition, there would have been no way in the case sub judice for the trial court to know what evidence was excluded without a transcript. The appellant had a duty to proffer evidence which she believed was improperly excluded. Evidence Rule 103(A)(2). This proffer then would have appeared in the transcript and the trial court could have properly reviewed the evidentiary ruling of the Magistrate. We, therefore, find appellant failed to present a transcript to the trial court for purposes of reviewing the evidentiary ruling of the Magistrate. Therefore, the trial court did not error in making its ruling from the information contained in the Decision of the Magistrate. In addition, we find that we, as the appellate court, cannot now review a transcript of the Magistrate's hearing when that transcript was not properly before the trial court when it ruled on the objections to the Magistrate's Decision. "While the record in the instant case contains a transcript of the evidentiary hearing before the Referee, this transcript was not filed until [after the objections were ruled upon]; thus, it would not have been before the trial court. Since the transcript was not before the trial court, it cannot be considered on appeal." Wade, supra, citing Unger v. Reams (Aug. 6, 1993), Lake App. No. 92-L-116, unreported, 1993 WL 317448 and Mothes v. Mothes (Aug. 2, 1991), Lake App. No. 90-L-15-094 unreported 1991 WL 147412. Even if 1) the issue of the Magistrate's alleged erroneous evidentiary ruling had been clearly stated on the face of appellant's objection to the trial court, and 2) said objection was supported by a transcript of the proceedings before the Magistrate, and 3) the trial court had overruled appellant's objection as it did in this case, and 4) we assume the Magistrate committed error by excluding relevant evidence under R.C. 3113.21.5(B)(3) (reasons for deviation), we cannot find that the error was prejudicial to the appellant in the case sub judice. This is because the appellant made no proffer of evidence as is required under Evidence Rule 103(A)(2) as to the evidence she wanted to have admitted but was denied at the hearing before the Magistrate. Therefore, we cannot determine whether prejudice resulted to the appellant even though we have the benefit of the transcript before us. For all the reasons stated above, appellant's first and third assignments of error are overruled.
 II
In appellant's second assignment of error, appellant claims that the trial court erred in not independently reviewing the Administrative Order for and calculation of child support. However, in the discussion of this assignment of error in appellant's brief, appellant specifically alleges that the Magistrate (not the trial court) must independently review the CSEA's determination of guideline child support. Revised Code3113.21(C)(1)(c)(i) states that if an obligor or obligee "requests a court hearing on the revised amount of child support calculated by the agency, the court, . . . shall schedule and conduct a hearing to determine if the revised amount of child support is the appropriate amount and if the amount of child support being paid under the child support order otherwise should be revised." In the case sub judice, the trial court set the requested hearing before the Magistrate. Juvenile Rule 40(C)(1)(a)(i) states that any post-judgment motion or proceeding may be referred to a Magistrate for hearing by the trial court. (This case originated as a delinquency adjudication regarding Deanna Bunting. As part of the disposition, Deanna was placed in the temporary custody of her maternal aunt, Dawn Counts, and child support was ordered to be paid by both parents. This case results from a CSEA review of the child support order recommending a modification.) For the reasons set forth in our analysis of assignments of error I and III, the trial court's review of the Magistrate's actions in the case sub judice was limited to a review of the Magistrate's Findings of Fact and Conclusions of Law. In the absence of evidence to the contrary, we must assume the trial court followed the law and reviewed the Magistrate's Findings of Fact and Conclusions of Law. State v. Coombs (1985), 18 Ohio St.3d 123, 125, citing State v. Eubank (1979), 60 Ohio St.2d 183. Therefore, we find that the findings of the CSEA were properly reviewed by the trial court in the case sub judice when the trial court reviewed the Magistrate's Decision and said decision was based on the Magistrate's review of the CSEA recommendations. The second assignment of error is overruled.
For the reasons set forth above, the Decision of the trial court is affirmed.
By EDWARDS, J. WISE, P.J. and HOFFMAN, J. concurs.