OPINION
Plaintiff-appellant Douglas Dale appeals the January 27, 2000 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which overruled appellant's objections to a November 1, 1999 Magistrate's Decision. Defendant-appellee is Therese Salasek.
 STATEMENT OF THE CASE AND FACTS
Appellant and appellee are the natural parents of the minor child, Ryan Salasek, who was born March 4, 1988. Appellant and appellee have never been married. In an August 14, 1990 Judgment Entry, the trial court determined appellant was the legal father of Ryan.
On August 29, 1991, appellant filed a Motion for Shared Parenting. On October 29, 1991, the trial court set child support and pregnancy and birthing expense issues, along with the shared parenting motion, for a hearing. In a May 14, 1992 Judgment Entry, the trial court set child support at $225 per month. The issues of visitation were not decided at that time.
On December 8, 1993, appellant filed a Motion Requesting a Hearing on all custody and visitation issues. The issues were set for a hearing to take place March 21, 1994. On March 4, 1994, appellant filed a Motion to Reduce Child Support. In a March 21, 1994 Judgment Entry, the trial court found the parties had resolved visitation issues and agreed to submit a judgment entry consistent with the recommendation of a psychologist. The trial court also ordered appellant to pay a minimum of $75 per month for child support and to seek work.
In a July 26, 1995 Judgment Entry, the trial court awarded custody of the minor child to appellee. Further, the trial court ordered appellant's visitation would be conditioned on appellant's ability to demonstrate to a psychologist he had established a history of work and relationships showing some sign of stability. If appellant could make this showing, he would be permitted limited, supervised visitation. The judgment entry also created a plan for normal unsupervised visitation, but only upon the recommendation of a licensed child psychologist.
The June 26, 1995 Judgment Entry also ordered appellant to pay the guideline amount of child support, but not less than $75.00 per month, effective April 1, 1994. Appellant was ordered to seek work.
On March 24, 1999, appellant filed a motion to amend the visitation order, seeking unsupervised visitation with the child. On the same date, appellant also filed a motion to reduce his monthly child support obligation. Appellant claimed he was disabled due to back problems. Appellant has never paid child support.
On April 12, 1999, appellee filed a Motion to Show Cause for appellant's failure to abide by the child support orders issued by the trial court on May 13, 1992, and March 21, 1994.
An evidentiary hearing on the motion to show cause and on appellant's motions was set before the magistrate. In a November 1, 1999 Magistrate's Decision, the magistrate found appellant in contempt. The magistrate sentenced appellant to thirty days at the Stark County Jail. The sentence was suspended on the condition appellant pay $50.00 per month toward the arrearage in the case.
On November 2, 1999, the trial court, having made an independent analysis of the issues and applicable law in the case, approved and adopted the magistrate's decision as its own.
On November 10, 1999, appellant filed Objections to the Magistrate's Order. In a January 27, 2000 Judgment Entry, the trial court overruled appellant's objections. It is from this judgment entry appellant prosecutes his appeal assigning the following as error:
 I. THE TRIAL COURT ERRED BY ADOPTING THE FINDINGS AND CONCLUSIONS OF THE MAGISTRATE IN THIS CASE HOLDING THE APPELLANT IN CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT BECAUSE THE EVIDENCE CLEARLY SHOWED THAT THE APPELLANT'S FAILURE TO PAY CHILD SUPPORT WAS BASED ON APPELLANT'S INABILITY TO OBTAIN GAINFUL EMPLOYMENT DUE TO HIS DISABILITIES AND APPELLANT'S SMALL INCOME WHICH WAS INADEQUATE TO PAY SUPPORT THROUGHOUT THE TIME PERIOD IN QUESTION.
 II. THE TRIAL COURT ERRED BY REFUSING TO ALLOW THE APPELLANT TO VISIT HIS CHILD IN AN UNSUPERVISED MANNER WHEN THE EVIDENCE SHOWED THAT THERE WAS A SUBSTANTIAL CHANGE OF CIRCUMSTANCES IN ALLOWING UNSUPERVISED VISITATION AND THAT THE VISITATION WOULD BE IN THE BEST INTEREST OF THE CHILD IN QUESTION.
 I
In his first assignment of error, appellant maintains the trial court erred in finding him in contempt for failure to pay child support. Appellant maintains the evidence clearly showed his failure to pay child support was based upon his inability to obtain gainful employment as a direct result of his disabilities. We disagree.
Our review for a finding of contempt is limited to a determination of whether the trial court abused its discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
At the November 1, 1999 hearing, appellant testified he had arthritis, four or five discs missing out of his back, torn ligaments, torn tendons, a hernia, and bone loss. Appellant maintained these injuries had prohibited him from working for over a decade. Despite these problems, appellant testified he was self employed in that he was managing two duplexes for Canton Realty. Appellant testified he was not capable of seeking other work because he could not sit or stand for more than a couple of hours at a time. Appellant admitted he had never paid child support for his son.
We have reviewed the record and find no abuse of discretion in the trial court's decision. As stated by the magistrate at the close of the evidentiary hearing:
 * * * I find [appellant] is in contempt of court for failing to comply with the court order of support dated and filed 7/26/95. There's been no valid defense presented. * * * Mr. Dale has not paid any support since the court ordered. * * * [Appellant] volunteers services for free yet pays zero support. It's not that he hasn't paid ah fifty dollars or twenty five dollars. He hasn't even paid one penny. He believes his obligation is to provide food, housing and clothing to his child and nothing else and I believe he showed this court that that's what he is going to continue to believe and he has shown his contempt for the court order as he can't even remember what * * * the order was for it was so long ago. Admittedly he indicates he's paid nothing. He has not sought work ah while involved in a very interesting and to this court suspicious activity involving the corporation/trust which pays him one dollar per hour for his services. * * *[H]e hasn't even sought any relief through available governmental agencies because he doesn't want to be a burden to the taxpayers. Yet, he* * * burdens the mother of the child Ryan in this case. He is robbing Ryan of the child support that is due him* * *
(T. at 94-95).
There is absolutely no indication the trial court's ruling was an abuse of discretion. Appellant acknowledged he was ordered to pay child support and to seek work. He then admitted he did neither. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in refusing to grant him unsupervised visitation with his child. Appellant maintained he could demonstrate a substantial change of circumstances which would permit unsupervised visitation and further that such visitation would be in the best interest of the child.
Modification of visitation rights is governed by R.C.3109.051. Braatz v. Braatz (1999), 85 Ohio St.3d 40, at syllabus par. 1. The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C.3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child. Id. at par. 2.
R.C. 3109.051 provides in pertinent part:
 (D) In determining whether to grant companionship or visitation rights to a parent, grandparent, relative, or other person pursuant to this section or section 3109.11
or 3109.12 of the Revised Code, in establishing a specific visitation schedule, and in determining other visitation matters under this section or section 3109.11
or 3109.12 of the Revised Code, the court shall consider all of the following factors:
 (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity;* * *
 (2) The geographical location of the residence of each parent and the distance between those residences; * * *
 (3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;* * *
(4) The age of the child;
 (5) The child's adjustment to home, school, and community;
* * *
(7) The health and safety of the child;
* * *
(9) The mental and physical health of all parties;
* * *
 (11) In relation to visitation by a parent, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
* * *
(15) Any other factor in the best interest of the child.
In absence of any statement to the contrary, we presume regularity in the proceedings below. See, State v. Coombs (1985)18 Ohio St.3d 123, 125. Where findings are general, an appellate court will assume regularity rather than irregularity in the trial court's findings. State v. Asman (1989), 63 Ohio App.3d 535, 540.
In Braatz, supra, the Supreme Court noted the "better practice, * * * is for the trial court, upon request by a party, to file findings of fact and conclusions of law."85 Ohio St.3d at 45. In the matter sub judice, appellant did not request findings of fact and conclusions of law from the trial court's January 27, 2000 Judgment Entry.[1]
Although the trial court did not expressly address each of the factors to be considered, there was evidence bearing on each. Further, we note the trial court has never denied appellant visitation. Rather, appellant, admittedly a stranger to the child, was ordered to take certain steps before any visitation. These steps were designed to promote a peaceful introduction with as little stress to the child as possible. Appellant has failed to take any of the required steps. The July 26, 1995 Judgment Entry continues to provide appellant the opportunity for future visitation with his son. His failure to live up to any of the terms and conditions contained in the order is the only current obstacle. We find no abuse of discretion in the trial court's decision to continue to implement the existing visitation order.
Appellant's second assignment of error is overruled.
The January 27, 2000 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Appellant did request findings of fact and conclusions of law from the Magistrate's November 1, 1999 Decision.