OPINION
The defendant-appellant, Matthew J. Howell ("appellant"), appeals the judgments of the Union County Court of Common Pleas reimposing maximum consecutive sentences after the appellant had been found guilty of violating community control. For the following reasons, we affirm the judgments of the trial court.
The pertinent facts and procedural history in this matter are as follows. On June 22, 1998, the appellant pled guilty to one count of breaking and entering, one count of theft, and one count of Recognizance Bond violation. A sentencing hearing was held on July 21, 1998 and the appellant was sentenced to twelve months imprisonment on each of the three counts. The sentences were to be served consecutive to one another; for a term of imprisonment totaling three years.
On October 19, 1998, the trial court, upon motion by the appellant, granted the appellant judicial release and placed the appellant on five years community control. The court also ordered the appellant to perform 250 hours of community service and pay restitution. On March 21, 2000, the appellant was cited for violation of community control, as he had failed to comply with the rules of community control and had absconded from his probation officer.
A hearing was held in this matter on May 23, 2000. At the hearing, the appellant admitted to the violation. The appellant explained to the court that during his period of noncompliance, he had been incarcerated in North Carolina. The appellant stated that prior to his release, he requested that officials in North Carolina "run him" for any probation holders, warrants, etc. The appellant was informed that none appeared and that he was a free man. He then returned to Ohio, obtained employment and began to get his life in order.
The appellant's probation officer informed the court that before the appellant ever left the State of Ohio, he was instructed to return to her office within 72 hours after being released from North Carolina. The court found the appellant guilty of the violations and reimposed the three one-year sentences originally imposed. The appellant was given credit for the time he had previously spent in both jail and in prison on these charges. It is from this decision that the appellant now appeals, asserting three assignments of error.
Assignment of Error No. 1
 The lower court was unable to sentence the defendant to prison because the court violated R.C. 2929.15(B) as read in conjunction with R.C. 2929.19(B), in that the court could not sentence the defendant to prison for violation of community control, having failed to advise the defendant of the potential of a specific prison sentence.
 The appellant contends that the trial court erred in failing to advise him that violating community control could result in his return to prison. The appellant challenges the trial court's compliance with R.C. 2929.15
and 2929.19. We find that these provisions are not relevant at this point in the proceedings as they deal with the requirements of placing an offender on community control as the original sentence. The appellant was placed on community control through judicial release, therefore the proper statute to consider is R.C. 2929.20, which deals with the requirements of judicial release.
R.C. 2929.20(I) states:
 If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction * * * and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release.
 On September 16, 1998, the appellant filed a motion for judicial release. The trial court held a hearing on the appellant's motion and granted the appellant's motion and suspended the execution of his sentence. The appellant alleges that at this time, the trial court failed to inform him that a violation of community control could result in his being returned to prison, therefore the court failed to reserve the right to reimpose the sentence.
However, on appeal, the appellant has failed to transmit a record of the trial court proceedings for our review and consideration. Under App.R. 9, if an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence * * *, he has the duty to include in the record a transcript of all evidence relevant to such findings or conclusions and to exemplify any alleged errors by reference to these matters in the record. In absence of all relevant evidence properly submitted to the trial court, we must indulge in the presumption of regularity of proceedings and the validity of the judgment of the trial court. State v. Coombs (1985), 18 Ohio St.3d 123.
Accordingly, the appellant's first assignment of error is not well taken and is overruled.
Assignment of Error No. 2
 The lower court erred in failing to properly follow the sentencing guidelines.
 The appellant alleges that the trial court erred in not making the required findings under the sentencing guidelines before reimposing the original sentence. For the following reasons, we disagree.
As the appellant correctly pointed out in his brief, this Court has previously addressed this very issue. In State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24, unreported, we held that if the conditions of community control were violated, the statute clearly provides that the trial court may reimpose the suspended sentence term without making the findings that are required to issue an original felony sentencing. Id. at 3; R.C. 2929.20. We decline to reconsider our decision, as the appellant requests. The holding rendered in Gardner
continues to be our position in this matter.
Accordingly, the appellant's second assignment of error is overruled.
Assignment of Error No. 3
 The lower courts sentence violated the US Constitution as applied to the states through the Fourteenth Amendment as it amounts to cruel and unusual punishment.
 The appellant contends that the sentence imposed by the trial court constitutes cruel and unusual punishment in violation of the United States Constitution. The appellant's only basis for this allegation is that he believes that three years is too long. The original sentence imposed by the trial court, as well as the reimposition of the sentence, clearly fall within the mandates of the Ohio sentencing guidelines. Therefore, we find the appellant's contention to be completely without merit.
Accordingly, the appellant's third assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
WALTERS and BRYANT, JJ., concur.