OPINION
Appellant James S. Price appeals a judgment of the Fairfield County Municipal Court convicting him of petty theft (R.C 2913.02):
ASSIGNMENT OF ERROR
 THE TRIAL COURT IMPROPERLY PERMITTED THE STATE TO PRESENT INADMISSABLE HEARSAY EVIDENCE, AND WITHOUT SUCH, APPELLANT'S CONVICTION IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
At 5:30 a.m. on May 20, 2000, David Delong, the Assistant Manager of the Big Bear Store in Lancaster, arrived at work. The store opens at 7:00 a.m. While he was checking the premises, he noticed a vehicle sitting by the greenhouse. The vehicle had its hood up, and steam was coming from the engine. Delong saw appellant walking around the car, looking under the hood, and walking toward the greenhouse. Delong observed appellant pick up a white plastic swan planter filled with marigolds. He sat the planter down behind the rear tire on the driver's side. He opened the car door, and lifted it into the back seat. He later saw appellant pick up something else, which he could not identify. When appellant opened the car door again, Delong saw the swan planter inside the vehicle.
Officer Mark Zambrig of the Lancaster Police Department arrived on the scene in response to the complaint of theft. He asked appellant what he was doing at the store two hours before it opened. Appellant responded that he had radiator problems. When he asked about the swan planter in the car, appellant responded that he purchased it the day before at a yard sale. The officer noted that the planter resembled those located outside the Big Bear store. Further, he noted beads of water on the plant, as if it had just been watered.
Appellant was charged with petty theft in violation of R.C. 2913.02. The case proceeded to bench trial in Fairfield County Municipal Court.
Appellant testified at trial. He testified that on May 20, he was living in his 1978 Lincoln Towne car. He testified that he purchased the swan planter at a yard sale for $2.00, but discovered it was too large for his mother's grave. He had purchased the planter to put on his mother's tombstone for her birthday. Upon discovering the planter was too big, he decided to take it to Big Bear and exchange it for something else. Although he did not buy the planter at Big Bear, he knew that they had similar items for sale, and thought they would exchange it. At one point, he testified that he had a receipt from a similar planter from Big Bear, as he had purchased other such planters at the store, but had misplaced the receipt. He testified that he thought the store was open 24 hours a day, and therefore carried the planter to the door at 5:30 a.m. When he discovered the store was not open, he returned to his car, put the planter in the back, and waited for his car to cool down, as the car had been overheating. At this point, the police arrived.
The trial court convicted appellant as charged. He was sentenced to 90 days incarceration.
Counsel for appellant states in his brief that the brief is filed pursuant to Anders v. California (1967), 386 U.S. 738, and he has supported the appeal to the best of his ability. However, counsel has not complied with the requirements of Anders regarding filing a motion to withdraw. Therefore, we will consider the assignment of error as raised by counsel for appellant.
 I
Appellant argues that the court erred in admitting the hearsay testimony of Officer Zambrig. The officer testified that the dispatch concerning the theft informed him that the vehicle had been seen earlier in the day at Festival Foods, and the driver was possibly taking items from outside displays. Upon objection, the court found that this testimony was not hearsay within the meaning of Evid. R. 801, as it was not offered to prove the truth of the matter asserted therein. We agree. This testimony was not offered to prove that appellant had in fact taken other items, but merely to explain why the officer was investigating the vehicle in question. Further, as this was a bench trial, we presume the court considered this evidence only for the purpose for which it was admitted. See State v. Coombs (1985), 18 Ohio St.3d 123,125.
Appellant argues that the judgment is against the manifest weight of the evidence, and that the trier of fact was somehow swayed by the testimony of Zambrig concerning theft of other items.
When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the court sits as a thirteenth juror, and disagrees with the fact finder's resolution of conflicting testimony. State v. Thompkins (1997),78 Ohio St.3d 380, 387. We must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. Id.
Appellant argues that the testimony of David Delong was confusing and contradictory, and therefore should not have been believed by the trier of fact. We disagree. Delong clearly testified that he witnessed appellant picking up a white plastic swan planter filled with marigolds, and placing it in the vehicle. He further testified that the photograph of the planter, admitted into evidence in the case, was the planter he witnessed appellant place in his vehicle. Although the second item he claimed he saw appellant take from the store was not found in appellant's vehicle, this does not render his testimony unbelievable.
Further, appellant's testimony was not consistent throughout the trial. He first testified that during the two days he was living in his car, the planter was in the car with him the whole time. When asked how he had watered the plant, appellant then stated it was not in his car the whole time. He could not testify as to the location of the yard sale where he bought the planter. Later, he explained that he had a receipt for a planter at one time, and must have misplaced it. Then, he was not sure if the receipt he had was for that specific planter, or for other planters he purchased at Big Bear.
The trial court did not lose its way in resolving conflicting testimony in the instant case. The assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs to appellant.
Gwin, P. J., Hoffman, J., and Boggins, J., concur.