JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Roderick Robinson appeals from his conviction for robbery, aggravated burglary and intimidation of a witness. For the reasons set forth below, we affirm.
 {¶ 2} On August 13, 2007, defendant was indicted for one count of aggravated robbery, one count of robbery and two counts of aggravated burglary, all with one-year and three-year firearm specifications, and one count of intimidation of a witness. The matter proceeded to a bench trial on November 6, 2007.
 {¶ 3} The state's evidence demonstrated that on July 30, 2007, while fourteen year-old L.N. was home alone, defendant, a former friend from the neighborhood rang the doorbell. L.N. did not let him in but rather, spoke to him through the kitchen window. Defendant reportedly demanded money from L.N. L.N. said that he did not have any money. Defendant then told L.N. that he did not believe him and that his brother would fight L.N. "for trying to play him."
 {¶ 4} Defendant then left but returned a short time later. L.N. again spoke to defendant through the window. At this time, defendant said that he had a gun. Defendant subsequently asked L.N. for water and, as L.N. began to get it, defendant entered the home without permission. Defendant told L.N. that he would shoot him if L.N. did not give him money. According to L.N., defendant had his hand inside his pocket and it looked like he was holding a gun.
 {¶ 5} L.N. began to walk throughout the house to find money. He found five dollars and gave that to defendant but defendant demanded more. L.N. called his *Page 4 
mother to ask if he could have any of the money he had earned from his job. She indicated that he could not and L.N. did not inform her that defendant was demanding money, however.
 {¶ 6} They heard a sound outside and defendant ordered L.N. to go and check it. When L.N. returned, defendant was holding a basket from the mother's bedroom. He then told L.N. that he had all that he needed. Defendant then told L.N. not to tell his mother or anyone else what had happened or he would shoot him. After L.N.'s mother, Patrisha Chism, returned home, she learned that fifty dollars was missing from her room and subsequently learned from L.N. what had happened.
 {¶ 7} The state's evidence further established that defendant is approximately five years older that L.N. They had previously spent time together but L.N.'s mother had barred defendant from the home because she believed that he had entered the home through a door with a broken lock, and taken food. The state's evidence also demonstrated that L.N. had seen defendant with a gun prior to the incident at issue.
 {¶ 8} Defendant was arrested later that day. He did not have a weapon or money, however.
 {¶ 9} Defendant testified on his own behalf and stated that he was employed by his landlord at the time of the alleged incident. He knew L.N. well and had dated his sister. Defendant denied that he has ever had a gun. With regard to the events of July 30, 2007, defendant stated that he watched television, did work for his landlord, got a haircut, and was arrested by the police as he returned home. He *Page 5 
could not recall the last time he had spoken to L.N. and denied robbing him.
 {¶ 10} Defendant was subsequently convicted of one count of robbery, without firearm specifications, one count of aggravated burglary without firearm specifications, and the intimidation charge. He was subsequently sentenced to a total of three years of community control sanctions plus post-release control.
 {¶ 11} Defendant now appeals and assigns three errors for our review. For the sake of convenience, we shall address them out of their predesignated order.
 {¶ 12} Defendant's second assignment of error states:
 {¶ 13} "The trial court erred in convicting defendant[-appellant] where the evidence is not sufficient to support conviction."
 {¶ 14} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Under this standard, an appellate court does not conduct an exhaustive review of the record, or a comparative weighing of competing evidence, or speculation as to the credibility of any witnesses. Instead, the appellate court must view the "evidence in a light most favorable to the prosecution." State v. Jenks, supra.
 {¶ 15} The elements of robbery are set forth in R.C. 2911.02, which provides in relevant part as follows: *Page 6 
 {¶ 16} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 17} "* * *
 {¶ 18} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 19} The elements of aggravated burglary are set forth in R.C. 2911.11, which provides, in relevant part as follows:
 {¶ 20} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another * * *."
 {¶ 21} The elements of intimidation of a witness are set forth in R.C. 2921.04, which provides, in relevant part, as follows:
 {¶ 22} "(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 23} In this matter, the state presented evidence that defendant demanded money from L.N. then threatened that his brother would beat up L.N. "for trying to play him." Defendant left but returned a short time later and said that he had a gun. *Page 7 
Defendant asked L.N. for water and, while L.N. was getting it, defendant entered the house without permission. Defendant held his hand in his pocket, leading L.N. to believe that he had a gun. The evidence further indicated that defendant threatened to shoot L.N. if he did not give him money. Defendant rummaged through the house then sent L.N. out of the room. When L.N. returned, defendant had a basket from the mother's bedroom and stated that he had gotten money. As defendant left, he threatened that he would shoot L.N. if he told anyone what had happened.
 {¶ 24} From all of the foregoing, we conclude that there is sufficient evidence to establish that defendant committed the offense of robbery. The state presented sufficient evidence, which, if believed, would convince the average juror beyond a reasonable doubt that defendant, while committing a theft offense or in fleeing immediately after the attempt or offense, threatened to inflict physical harm on another.
 {¶ 25} This evidence is also sufficient to establish that defendant committed the offense of aggravated burglary. The state presented sufficient evidence, which, if believed, would convince the average juror beyond a reasonable doubt that defendant, by force, stealth, or deception, trespassed into an occupied structure, while L.N. was present, with purpose to commit a theft offense. The state's evidence, if believed, would convince the average juror beyond a reasonable doubt that defendant threatened to inflict physical harm to L.N.
 {¶ 26} Finally, the evidence is sufficient to establish that defendant committed the offense of intimidation. The state presented sufficient evidence which, if *Page 8 
believed, would convince the average juror beyond a reasonable doubt that defendant, by force or by unlawful threat of harm, attempted to influence, intimidate, or hinder L.N. in the prosecution of charges related to this matter.
 {¶ 27} For all of the foregoing reasons, this assignment of error is without merit.
 {¶ 28} Defendant's first assignment of error states:
 {¶ 29} "[Defendant-]Appellant was not accorded effective assistance of counsel when counsel failed to make a motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 {¶ 30} In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, supra at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra at paragraph two of the syllabus; see, also, Strickland, supra at 687.
 {¶ 31} Pursuant to Crim. R. 29, "the court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, *Page 9 
or complaint, if the evidence is insufficient to sustain a conviction on such offense or offenses."
 {¶ 32} A motion made pursuant to this rule must be denied "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus; State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394.
 {¶ 33} As this court has previously determined that the state presented sufficient evidence to establish each crime for which defendant was convicted, we cannot conclude that defendant's trial counsel committed prejudicial error in failing to file a motion for acquittal. Because the underlying claim of error is not established, ineffective assistance of counsel is not demonstrated. State v.Henderson (1988), 39 Ohio St.3d 24, 33, 528 N.E.2d 1237.
 {¶ 34} This assignment of error is without merit.
 {¶ 35} Defendant's third assignment of error states:
 {¶ 36} "[Defendant-]Appellant was not accorded effective assistance of counsel when counsel failed to object to hearsay testimony."
 {¶ 37} In evaluating a claim of ineffective assistance of counsel, this court must accord deference to defense counsel's strategic choices during trial and cannot examine the strategic choices of counsel through hindsight. Strickland, supra, at 689. Similarly, the "[f]ailure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." Id. *Page 10 
Moreover, "trial tactics that are debatable generally do not constitute a deprivation of effective counsel." Strickland v. Washington, supra. "Counsel's decision not to object can be considered a trial tactic."State v. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035.
 {¶ 38} In this matter, defendant complains that his trial counsel did not object when L.N.'s mother testified to hearsay statements from L.N., and this permitted introduction of statements of which she had no firsthand knowledge. It is clear that some of the statements would be admissible as excited utterances and other statements were clearly cumulative as they were admitted as direct evidence from L.N. We find no prejudicial trial error in connection with the admission of these statements. In any event, because this matter was tried to the court without a jury, any inadmissable testimony is assumed to have been disregarded, and we will presume that the trial court applied the law correctly. State v. Coombs (1985), 18 Ohio St.3d 123, 125,480 N.E.2d 414, citing State v. Eubank (1979), 60 Ohio St.2d 183, 398 N.E.2d 567.
 {¶ 39} We therefore find this assignment of error to be without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case *Page 11 
remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1