[Cite as *Longaberger v. Thompson*, 2015-Ohio-4439.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TAMALA L. LONGABERGER, et al. | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiffs-Appellees | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2015-0015 |
| DOUGLAS THOMPSON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
Pleas Case No.  CC2012-0582


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:        October 26, 2015


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

PHILLIP S. PHILLIPS                      DOUGLAS THOMPSON, PRO SE
320 Main Street, Post Office Box 190     Post Office Box 69
Zanesville, Ohio  43702-0190            Nelsonville, Ohio  45764

*Wise, J.*

**{¶1}** Appellant Douglas Thompson appeals the March 9, 2015, decision of the Muskingum County Court of Common Pleas ordering garnished proceeds held by the Muskingum County Clerk of Courts to be released to Appellee Tamala L. Longaberger.

## STATEMENTS OF FACTS AND CASE

**{¶2}** The relevant facts and procedural history are as follows:

**{¶3}** Between 2004 and 2011, Appellant Douglas Thompson was employed by Appellee Tamala L. Longaberger as her Property Manager and professional assistant. During that time, Appellant stole and embezzled nearly $2,000,000.00 from Appellee. His actions gave rise to two separate legal actions: a criminal charge of Grand Theft and a civil action seeking recovery of the amount stolen.

## Criminal Action

**{¶4}** On October 31, 2012, an indictment was issued against Appellant. On March 11, 2013, Appellant filed a plea of guilty to an amended charge of Aggravated Theft ($750,000.00 - $1,500,000.00), a felony of the second degree. Also on March 11, 2013, Appellant and the State of Ohio entered into an Agreed Order on Restitution, pursuant to which Appellant agreed to liquidate all of his assets, including retirement assets, and apply the net proceeds toward a total restitution amount of $1,500,000.00

**{¶5}** On July 1, 2013, Appellant appeared for sentencing and on July 3, 2013, an entry was filed sentencing Appellant to a stated prison term of six (6) years and ordering him to make restitution in the amount of $1,980,457.68. Appellant remains incarcerated.

<u>Civil Action</u>

**{¶6}** On November 16, 2012, Appellee Tamala Longaberger, et al., filed a civil complaint against Appellant.

**{¶7}** On March 11, 2013, (the same day Appellant's plea of guilty was filed in the criminal case), the parties filed a Consent Judgment, granting Appellee judgment against Appellant in the amount of $6,535,694.16. Any money received by Appellee pursuant to the Agreed Order on Restitution was to be applied to the civil judgment.

**{¶8}** Following Appellant's guilty plea, Appellant liquidated substantially all of his assets, and a substantial amount of the proceeds thereof were deposited with the Clerk's office and paid over to Appellee. However, on the day of sentencing, Appellant still retained in excess of $90,000 in a bank account which had not been turned over to the Clerk's office. Some of the funds in the bank account came from the liquidation of retirement accounts and some came from other sources.

**{¶9}** A dispute arose between the parties about Appellant's compliance with the Agreed Order on Restitution. The trial court in the criminal case decided the matter should be pursued through the civil action.

**{¶10}** On July 2, 2013, Appellee filed an Affidavit, Order, and Notice of Garnishment, along with related documents. Pursuant to the garnishment order, Appellant's bank deposited the sum of $93,113.64 with the Clerk of Courts.

**{¶11}** On July 17, 2013, Appellant filed a memorandum opposing the garnishment. The issue before the trial court was whether Appellee was entitled to the funds seized through the garnishment order or whether Appellant was entitled to have some of the funds returned to him.

{¶12} The parties agreed to waive any evidentiary hearing and to submit the matter to the court on stipulations and briefs. The parties filed several stipulations and filed various Briefs and Replies.

{¶13} On June 4, 2014, the trial court held oral arguments on the matter, following which Appellant was ordered to file additional financial information.

{¶14} One of the arguments advanced by Appellant before the trial court was that the Agreed Order on Restitution allowed him to retain sufficient proceeds from the liquidation of his assets to pay for his entire income tax liability for tax year 2013. In opposition, Appellee argued that the Agreed Order on Restitution permitted the custodian of each retirement account to withhold required taxes and early payment penalties, but that the net distribution from the retirement account was to be turned over to the clerk of courts to be paid to Appellee as part of the restitution order.

{¶15} The Agreed Order on Restitution identified four retirement accounts having a significant balance and the Stipulations and documentation submitted to the trial court demonstrated that required taxes, fees, and penalties were withheld by the custodians of the accounts before the funds were distributed to Appellant.

{¶16} The retirement accounts identified in the Agreed Order on Restitution and the amounts withheld were as follows:[1]

---

[1]The information contained in this chart is a compilation of stipulations of the parties which occurred during the oral hearing held by the trial court on June 4, 2014, and additional stipulations contained in the Supplemental Financial Information filed jointly by the parties on June 19, 2014.

| | |
|---|---|
| Longaberger Company 401(k) Retirement Fund | $199,224.13 |
| Fed Inc Tax Withheld | -$39,844.83 |
| Amount Distributed | $159,379.30 |
| | |
| | |
| Thirty-One Gifts 401(k) Retirement Fund | $967.09 |
| Amount withheld | -$117.67 |
| Amount Distributed | $849.42 |
| | |
| | |
| Chase Bank Roth Retirement Fund account | $41,487.00 |
| Fed Inc Tax Withheld | -44280.14 |
| State Inc Tax Withheld | -$500.00 |
| Amount Distributed | $38,021.31 |
| | |
| Prudential Life Insurance Retirement Fund account | $50,445.00 |
| Surrender Charge Withheld | -$3000.00 |
| Benefit Fee Withheld | -$104.05 |
| Annual Fee Withheld | -$50.00 |
| Amount Distributed | $47,900.66 |
| | |
| Retirement Money Market account | $1.03 |

{¶17} On March 9, 2015, the trial court filed its Entry ordering the entire balance of the garnished proceeds to be paid to Appellee.

{¶18} On March 10, 2015, the Clerk issued a check to Appellee in the amount of $93,113.64.

{¶19} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶20} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY RELEASING FUNDS ESCROWED FOR THE PAYMENT OF ALL TAXES AND FEES PURSUANT TO THE AGREED ORDER OF RESTITUTION."

**I.**

**{¶21}** In his sole Assignment of Error, Appellant claims that the trial court erred in releasing the escrowed funds in this matter.  We disagree.

**{¶22}** Appellant's entire argument is a statement that by releasing the escrowed funds, he is now deprived of the funds to "PAY TAXES AND FEES". (Appellant's brief at 2).  Appellant does not explain, expand or support this bare assertion.

**{¶23}** In absence of any statement to the contrary, we presume regularity in the proceedings below. *See*, *State v. Coombs* (1985) 18 Ohio St.3d 123, 125. Where findings are general, an appellate court will assume regularity rather than irregularity in the trial court's findings. *State v. Asman (1989),* 63 Ohio App.3d 535, 540. In *Braatz, supra,* the Supreme Court noted the "better practice, * * * is for the trial court, upon request by a party, to file findings of fact and conclusions of law." 85 Ohio St.3d at 45.

**{¶24}** In the matter *sub judice*, Appellant did not request findings of fact and conclusions of law from the trial court's Judgment Entry. It is difficult, if not impossible, to determine the basis of the trial court's ruling without findings of fact and conclusions of law. Absent such a request for findings and conclusions, this Court has no choice but to presume the regularity of the proceedings in the court below. We, as a reviewing court, are limited in our scope. We must presume that the trial court considered the evidence, applied the proper legal standard, and found sufficient evidence was presented to support the trial court's judgment.

**{¶25}** Appellee, in her brief in support of garnishment, raised three independent reasons in support of same: 1) garnishment was consistent with the Agreed Order of Restitution; 2) the Agreed Order of Restitution was inapplicable to a proceeding under

the civil Consent Judgment as Appellee was not a party to the Agreed Order of Restitution; 3) the garnished funds would not begin to satisfy Appellant's tax liabilities.

{¶26} Although the trial court did not expressly state the basis for its decision, we find substantial evidence in the record to support the trial court's judgment.

{¶27} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


JWW/d 1016