Mock, P.J., concurring in part and dissenting in part.
 

 {¶ 45} After a review of the record, I cannot agree that the trial court's statement "[w]e're talking 36 months to 60 months" amounts to plain error. I agree with the majority in all other respects.
 

 {¶ 46} Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court.
 
 State v. Rogers
 
 ,
 
 143 Ohio St.3d 385
 
 ,
 
 2015-Ohio-2459
 
 ,
 
 38 N.E.3d 860
 
 , ¶ 21. The accused must demonstrate plain error on the record-showing "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings."
 
 State v. Barnes
 
 ,
 
 94 Ohio St.3d 21
 
 , 27,
 
 759 N.E.2d 1240
 
 (2002). But even if the error is obvious, it must have affected substantial rights, and must have affected the outcome of the trial.
 

 Id.
 

 The accused is therefore required to demonstrate a reasonable probability that the error resulted in prejudice-the same deferential standard for reviewing ineffective assistance of counsel claims.
 
 Rogers
 
 , citing
 
 United States v. Dominguez Benitez
 
 ,
 
 542 U.S. 74
 
 , 81-83,
 
 124 S.Ct. 2333
 
 ,
 
 159 L.Ed.2d 157
 
 (2004).
 

 {¶ 47} But even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution,
 
 under exceptional circumstances and only to prevent a manifest miscarriage of justice
 
 .' " (Emphasis added.)
 
 Rogers
 
 at ¶ 23, citing
 
 Barnes
 
 at 27,
 
 759 N.E.2d 1240
 
 .
 

 {¶ 48} In this case, I do not believe that the only fair reading of the transcript of the sentencing hearing is one that concludes that the trial court did not understand the range of available sentences for Bedell in this case. During the sentencing hearing, defense counsel said that "[h]e has been incarcerated for-at this point about 303 days. * * * I'd ask the court to take into consideration he has served more than what the minimum sentence would be for the gross sexual imposition charge and to allow him to have credit for time served for what the Court has found him guilty
 of." The state then indicated that it was "asking for prison time."
 

 {¶ 49} The trial court then said that
 

 [i]n considering the purposes and principles of sentencing, I recognize that the statute provides that in this case there's a presumption of prison. In the event that there was corroboration there would have been mandatory prison time. But the evidence did not show, to my determination, that there was corroboration. Considering other factors, the injury to-in this case was exacerbated by the age of the victim and also by the offender's relationship to the victim and his duty to protect and safeguard this child.
 

 And while the trial court recognized that this was his first offense, the court also noted that Bedell
 

 [didn't] seem to show any remorse and continues to deny the offense. * * * Therefore, as to Count 2, wherein the charge is gross sexual imposition and Count 4, wherein the charge is gross sexual imposition, in both cases felonies of the third degree-and, counsel, it's my understanding that it's the higher level of the sentencing range? Am I correct?
 

 When the state responded in the affirmative, and defense counsel said "[c]orrect-60 months." The trial court said "[w]e're talking 36 to 60 months," to which the state responded "correct" and defense counsel was silent. The trial court concluded that "[i]t's the sentence of the Court that the defendant serve a period of 36 months at the Ohio Department of Corrections as to each count. Those sentences can be served concurrently. I will credit time served."
 

 {¶ 50} The majority makes two observations with which I cannot agree. First, the majority says that "the trial court committed an obvious error when it applied a sentencing range of 36 to 60 months in determining Bedell's sentences, contrary to the provisions set forth in the sentencing statutes." The majority also concludes that "Bedell additionally showed that the trial court imposed the minimum term within the correct, higher range," making the assumption that the trial court had intended to impose a minimum sentence and did so within a range it incorrectly believed had applied.
 

 {¶ 51} "A reviewing court must presume that the trial court applied the law correctly."
 
 State v. Coombs
 
 ,
 
 18 Ohio St.3d 123
 
 , 125,
 
 480 N.E.2d 414
 
 (1985), citing
 
 State v. Eubank
 
 ,
 
 60 Ohio St.2d 183
 
 ,
 
 398 N.E.2d 567
 
 (1979). This is especially true in the context of plain error, where-as here-a misstatement or ambiguous comment could have been addressed at the time in such a way that the misstatement or ambiguity could have been corrected.
 

 {¶ 52} In beginning to analyze the issue, I start with the observation that there is nothing in the record to support the conclusion that the trial court intended to give the minimum possible sentence. First, the trial court obviously never actually
 
 said
 
 it wanted to impose the minimum sentence. Second, when considering the sentencing factors, the trial court first noted that the victim's injury was exacerbated by her age and that Bedell's relationship with the victim facilitated the offense. Both are factors that indicate "that [Bedell's] conduct [was] more serious than conduct normally constituting the offense."
 
 See
 
 R.C. 2929.12(B). Additionally, the trial court found that Bedell showed no genuine remorse, indicating that he is more likely to reoffend.
 
 See
 
 R.C. 2929.12(D). The only sentencing factor in Bedell's favor was the fact that Bedell had no previous criminal record.
 
 See
 
 R.C. 2929.12(E). These findings do not lend themselves to the conclusion that the trial
 court had intended to impose the minimum sentence.
 

 {¶ 53} Additionally, while the trial court's statement "it's my understanding that it's the higher level of the sentencing range" and "[w]e're talking 36 to 60 months" could be read as the trial court misunderstanding the applicable sentencing range, it could also be read-in light of the trial court's sentencing determinations-that it intended to sentence within the higher level within the sentencing range. In this context, it is noteworthy that defense counsel had initially suggested that Bedell be sentenced to time served for the offense. Having heard that, and knowing that Bedell had served less than a year awaiting trial, the record contains some indication that the trial court had been made aware that the minimum sentence was not 36 months. Additionally, defense counsel did not say anything to correct the trial court when it said "[w]e're talking 36 to 60 months," which may indicate that the parties involved had a different understanding of what the trial court was saying than the majority has surmised.
 

 {¶ 54} In this case, the record is susceptible to more than one interpretation. Therefore, I would conclude that Bedell has failed to demonstrate that there is an "obvious" defect in the proceedings such that this court can find plain error.
 
 See
 

 State v. Stojetz
 
 ,
 
 84 Ohio St.3d 452
 
 , 462,
 
 705 N.E.2d 329
 
 (1999) (finding no plain error, in part, because "the transcript passages at issue are subject to more than one interpretation"-one indicating error and the other indicating no error). As a result, I would overrule all assignments of error and affirm the judgment of the trial court.