[Cite as *State v. Stevenson*, 2016-Ohio-321.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26583 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. JC-2014-6563 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| WESLEY STEVENSON | : | Juvenile Division) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

        {¶ 1} Defendant-appellant Wesley Stevenson appeals from his conviction and

sentence for Child Endangering.   He contends that the conviction is not supported by the

weight of the evidence.

{¶ 2} We conclude that this case hinged upon the credibility of the witnesses, and that the juvenile court as the trier of fact did not lose its way in finding the State's witnesses more credible.   Accordingly, the judgment of the juvenile court is Affirmed.

## I. Stevenson's Confrontation with his Daughter

{¶ 3} One morning in early September, at about 6:30 a.m., N.C. was awakened by her child, who was a friend of A.S., the victim herein.   N.C.'s child informed her that A.S. was in their yard on the swingset.   A.S. had on no shoes or coat.   She was crying and had a bruised eye.   N.C. took the child into her home and called the police.

{¶ 4} Dayton police were then dispatched on a child-welfare call.   Upon arriving at N.C.'s home, they found A.S. had bruises to her back, armpits and eye, as well as a scratch on her back.   The child, who was nine years old at the time, was transported to Children's Medical Center.   Upon investigation, Stevenson, A.S.'s father, was identified as the person inflicting the injuries to the child.

## II. Course of the Proceedings

{¶ 5} Stevenson was charged with one count of Child Endangering, in violation of R.C. 2919.22(B)(1).   Following a bench trial, Stevenson was found guilty as charged. He was sentenced to 180 days in the county jail, with 168 days suspended, and a jail time credit of three days.   His remaining jail time of nine days was ordered to be served over the course of three consecutive weekends.   Stevenson appeals.

### III. Stevenson's Conviction Is Not Against the Manifest Weight of the Evidence

{¶ 6} Stevenson's sole assignment of error states as follows:

THE CONVICTION OF MR. STEVENSON IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} Stevenson argues that the victim's testimony is not credible, because the child "waffled" in her description of the incident. He further argues that the trial court did not consider his testimony, which he contends establishes that he was merely exercising reasonable corporal punishment.

{¶ 8} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When presented with a challenge to the manifest weight of the evidence, an appellate court may not substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id*. at 387. "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id*., quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N .E.2d 717 (1st Dist.1983).

{¶ 9} In *State v. Vencill*, 10th Dist. Franklin No. 11AP-1050, 2012-Ohio-4419, the Tenth District Court of Appeals observed that:

In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP–105, 2010–Ohio–4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury, or the trial court in a bench trial, " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Accordingly, we afford great deference to the trier of fact's determination of witness credibility. (Citations omitted).

*Vencill*, at ¶ 11.

{¶ 10} At trial, the State presented the testimony of A.S. She testified that she was sleeping when her father "yanked" her out of bed and accused her of stealing his phone. Tr., p. 34. She further testified that he "punched" her in the face and "slapped [her] across the room." Tr. pp. 34-35. She testified that someone came to the door of the apartment, and her dad left the room. At that point she left the residence. During cross-examination, it was noted that A.S. informed the police that her father had accused her of taking his phone and breaking it, and that he then hit her.

{¶ 11} N.C. testified that when she found A.S. in her yard, she noted that her eye was bruised, and that the child was scared and crying. Dayton Police Officer Gregory Mills, who responded to the child-welfare call, testified that he observed a fresh bruise to the child's left eye, as well as bruising to her armpits and a scratch on her back.

Photographs of the child were submitted into evidence during Mills's testimony. The photographs, taken at the hospital, show bruising and significant swelling to the eye.

**{¶ 12}** Stevenson testified that he was awake at 3:00 a.m., when he discovered his cellular telephone outside the apartment. He noted that the phone was broken. He testified that he had not used the phone for a few months. He testified that he immediately went to A.S.'s bedroom, turned on the light, and held up the phone. He testified that A.S.'s eyes widened because she "knew what was going on." Tr., p. 65. Stevenson testified that A.S. then jumped out of the bed from the side opposite him, and that he jumped over the bed and grabbed her shirt. He admitted that he was yelling at her. He testified that they then fell down. According to his testimony, he told the child he was going to "tear her butt up," when his friend came to the apartment. *Id.* At that point he claims he took a "ten-second break," to see who was coming, because he did not want to "bust her butt" while he was angry. *Id.* Stevenson denied punching A.S., and stated that he did not know how her eye was injured. He further testified that any scratch to her back may have happened when he grabbed her shirt.

**{¶ 13}** First, Stevenson contends that the child's statements made to the police vary from her testimony on direct examination to the extent that the child's testimony is not credible. He further contends that his testimony, which he claims the juvenile court did not take into account, establishes that he merely used reasonable corporal punishment.

**{¶ 14}** The slight discrepancy in the wording used by the child does not lead us to a conclusion that her testimony is inherently incredible. The evidence establishes that regardless of whether she was "punched" or "hit," A.S. suffered bruising and swelling to

her eye, as well as other injuries. Furthermore, the testimony of N.C. and Mills corroborates the fact that the child was injured.

{¶ 15} Second, we conclude that the record does not support Stevenson's claim that the court did not consider his testimony. Indeed, the transcript shows that the court referred to Stevenson's testimony when giving the court's findings at the close of trial. The trial court, as the finder of fact, was free to credit some, all or none of Stevenson's testimony, and the trial court stated on the record that it found that Stevenson's actions did not constitute reasonable punishment, but rather that he abused the child.

{¶ 16} We have reviewed the entire record, including the trial transcript and exhibits, and conclude that the finder of fact did not clearly lose its way, creating a manifest miscarriage of justice warranting reversal. The trial court was in the best position to assess the credibility of the witnesses, and indeed, specifically stated that it found the State's witnesses more credible than Stevenson. This is not the exceptional case in which the evidence weighs heavily against the conviction. Accordingly, the sole assignment of error is overruled.

## IV. Conclusion

{¶ 17} Stevenson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Christina E. Mahy
Daniel F. Getty

Hon. Anthony Capizzi