[Cite as *State v. Allen*, 2018-Ohio-3393.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27750 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-2928 |
| | : | |
| DARION W. ALLEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2018.

. . . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101, City of Dayton Prosecuting Attorney, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

KATE L. BOWLING, Atty. Reg. No. 0084442, 120 West Second Street, Suite 613, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Darion Allen appeals from his conviction for domestic violence and assault. He contends that the conviction is not supported by the manifest weight of the evidence. He further contends that the conviction must be reversed because the prosecutor improperly interjected personal opinions into the closing argument.

{¶ 2} We conclude that the record contains evidence upon which a reasonable finder of fact could conclude that Allen committed the offenses. We further conclude that, although the prosecutor's remarks were improper, they did not result in prejudice.

{¶ 3} Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 4} On May 13, 2017, Allen and Shazeigha Powell took their two children to Cincinnati.[1] Afterward, they returned to Dayton in Powell's vehicle. At approximately 4:00 p.m., they arrived at the home where Allen resided with his sister and grandmother. At some point, the children went into the home. Powell and Allen remained outside of the home and engaged in a conversation for a few hours. As the couple were sitting in Powell's car, they began to argue concerning whether Powell should take the children to visit a male friend of hers. According to Powell, the argument escalated, and Allen hit her between the eyes, on the bridge of her nose, with his closed fist. She then exited the car and began to yell. At that point, Allen also exited the car, approached Powell and yanked the back of her hair. Allen's sister exited the house and helped put the children

---

[1] Allen and Powell are not married. Powell and the children do not live in Dayton.

in the car.   Powell then drove down the street where she stopped and called the police.

{¶ 5} Allen was subsequently arrested and charged with one count of domestic violence and one count of assault.   The case proceeded to a bench trial following which the court found Allen guilty of both charges.   At sentencing, the trial court merged the two convictions and the State elected to proceed to sentencing on the domestic violence conviction.   The trial court sentenced Allen to 180 days in jail with 150 days suspended. The trial court ordered Allen to serve the remaining 30 days.   The court further placed Allen on supervised probation for a period of two years.

{¶ 6} Allen appeals.

## II. Manifest Weight of the Evidence

{¶ 7} Allen's first assignment of error states as follows:

THE DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Allen contends that the evidence in this record weighs against conviction.   In support, he claims that Powell's testimony was countered by the testimony of his witnesses, whom the trial court expressly found credible.   He further notes that the investigating officer did not observe any noticeable injuries to Powell.   Thus, he argues that the evidence does not support a finding that he committed the offenses.

{¶ 9} In reviewing a manifest weight argument, we must determine whether the finder of fact lost its way and created a manifest miscarriage of justice that mandates reversal of the conviction and a new trial.   *State v. Stevenson*, 2d Dist. Montgomery No. 26583, 2016-Ohio-321, ¶ 8, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678

N.E.2d 541 (1997). This "discretionary power should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins,* quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 10} Although an appellate court may consider the credibility of witnesses, we are constrained by the principle that weight and credibility questions are primarily for the trier of the fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. In *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997), this Court reasoned:

> Because the fact finder, be it the jury or, as in this case, the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the fact finder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the fact finder, who has seen and heard the witnesses.

*Id.*

{¶ 11} Allen was convicted of assault in violation of R.C. 2903.13(A). That statute provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." He was also convicted of domestic violence in violation of R.C. 2919.25(A) which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A "family or household member" includes "[t]he

natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b).

{¶ 12} At trial, Powell testified that Allen hit her in the face and pulled her hair. The investigating officer testified that he did not observe any injuries to Powell, but he did note that she was tearful and agitated. The defense then presented the testimony of Allen's sister, Danisha Allen, as well as his brother, Damarr Allen, who testified that they were present at their grandmother's home on the day of the offenses. Both also testified that they did not observe Allen hit Powell nor pull Powell's hair. Further, they both testified that they observed Powell attempt to hit Allen.

{¶ 13} Allen correctly notes that the trial court found both of his witnesses credible. However, the trial court also expressly found Powell's testimony credible. Further, the trial court specifically found that neither of the defense witnesses observed the entirety of the interactions between Powell and Allen. A review of the record supports this finding. Thus, it cannot be concluded that the trial court, acting as the trier of fact, lost its way and created a manifest miscarriage of justice by accepting Powell's testimony that Allen hit her and yanked her hair.

{¶ 14} We conclude that Allen's convictions are supported by the manifest weight of the evidence. Therefore, the first assignment of error is overruled.

### III. Prosecutorial Misconduct

{¶ 15} The second assignment of error asserted by Allen states:

THE PROSECUTOR INAPPROPRIATELY ARGUED HIS PERSONAL VIEW.

{¶ 16} Allen contends that the prosecutor made inappropriate comments about Powell's veracity during closing argument. Specifically, he objects to the following statements:

> Obviously this comes down to (inaudible) and I have to say I believe Miss Powell was very honest with you today. I felt that when she testified she provided thoughtful answers. She just didn't answer right off the bat. She gave thought to certain things. She was very clear about what happened. * * * I think she gave you a good recitation of the facts. * * * I believe in this particular case it's not a matter of number for witnesses it's the quality of witnesses and I believe that Miss Powell is honest in her testimony today * * *."

Tr. p. 97 - 98.

{¶ 17} Allen contends that the comments resulted in prejudice because the case was "heavily dependent upon weighing [witness] credibility." The State appears to concede that the comments were improper. However, that does not end the inquiry.

{¶ 18} The test for prosecutorial misconduct is "whether the remarks were improper, and if so, whether they prejudicially affected the accused's substantial rights." (Citation omitted.) *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). "However, the touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.' " *State v. Johnson*, 2d Dist. Montgomery No. 26028, 2015-Ohio-5302, ¶ 4, quoting *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). Further, if a defendant does not object to the alleged misconduct, we are constrained to a plain error review. *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13

N.E.3d 1051, ¶ 111. In order to prevail on such review, a defendant must demonstrate both the misconduct and that "but for the misconduct, outcome of the trial clearly would have been otherwise." (Citations omitted.) *Id.*

{¶ 19} Here, regardless of the prosecutor's comments, there was sufficient, credible evidence to support a finding that Allen committed the offenses. Thus, we cannot say that the outcome of the trial was changed by the prosecutor's remarks.

{¶ 20} Further, without any evidence to the contrary, we will not presume that the trial court considered the improper argument in reaching its decision. "Indeed, a judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record." *State v. Eubank*, 60 Ohio St.2d 183, 187, 398 N.E.2d 567 (1979), citing *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968).

{¶ 21} There is nothing in this record to indicate that the trial court improperly considered the State's remarks in closing arguments. Indeed, the trial court noted that it found Allen's witnesses to be just as credible as Powell. Nonetheless, the trial court provided a valid basis, based upon an uncontroverted finding, for its reasoning and we cannot say that it is unsupported by the evidence. Thus, we cannot conclude that Allen has shown that the improper remarks had a prejudicial effect as he has not demonstrated that but for the remarks, the outcome of the trial would have been different.

{¶ 22} The second assignment of error is overruled.

## IV. Conclusion

{¶ 23} Both of Allen's assignments of error being overruled, the judgment of the

trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Stephanie L. Cook
Kate L. Bowling
Hon. Daniel G. Gehres